PAYNE v. THE MAYOR and ALDERMEN OF MOBILE.

1. A debt to fall due in future for services to be afterwards rendered may be transferred by assignment before the services are rendered, and such transfer, if *bona fide*, will defeat an attachment subsequently sued out against the transferer.

2. When the answer of a garnishee discloses that another person has, or claims, an interest in the debt, such third person should be cited to appear.

Error to the County Court of Mobile.

The plaintiff in error having obtained a judgment against one Thomas R. Bolling, upon which an execution was returned "no property found," made the necessary affidavit and sued out process of garnishment against the defendant in error as a debtor of Bolling.

The answer of the corporation was made by the Mayor, who states, that previous to the service of the garnishment he, as Mayor, accepted an order drawn on the corporation by Bolling, in favor of one Gwathmey, for five hundred dollars, that sum being the amount fixed upon as his compensation as one of the

assessors of the city for the year 1841, which order has been discharged by the corporation since the service of the garnishment.

The Court rendered judgment in favor of the garnishee. From this judgment the plaintiff prosecutes this writ, and assigns for error—

1. That the debt was not due when the order was accepted by the Mayor.

2. That by the charter the Mayor had no right to accept orders on behalf of the city.

Lesesne, for plaintiff in error.
Stewart, contra.

ORMOND, J.—Neither of the objections taken to this judgment can avail. If no debt existed at the time this garnishment was sued out, the interest of which could be transferred by Bolling to another, the objection would be equally fatal to the garnishment, which will not lie upon a possibility or contingency, but only upon a debt then due, or to fall due. [Planters' and Merchants' Bank v. Andrews, 8 Porter, 404.] The contract of the corporation with Bolling, was to pay him five hundred dollars for his assessment of the taxable property of a portion of the city, and although performance of the service was a condition precedent to his right to the money, we cannot perceive how this can affect his right to transfer his interest before the services were rendered.

It is quite unimportant whether the Mayor had the power of binding the corporation, by accepting the order, or not, as it is very clear that his refusal to accept would not have affected the right of Gwathmey to the money, which did not depend on any act of the corporation, and was only necessary to enable him to sue in his own name.

Upon this garnishment the only qustion was, whether Bolling had any right to this money when the garnishment was sued out, which, as the answer of the corporation disclosed, was claimed by another, he should have been cited under the recent statute of the State, passed in 1840, to contest his right with the plaintiff in attachment.

Let the judgment be affirmed.