# Pleasants *v.* Erskine.

*Action on Bonds, or Promissory Notes under Seal.*

1. *Who is proper party plaintiff.*—On a settlement between two brothers, certain bonds, or promissory notes under seal, being transferred by the payee, by delivery, to his brother, and a receipt taken, which stated that some of the bonds were received in settlement of the receiver's interest in the estate of their deceased father, and that he was to pay a third brother "one-fourth interest in the net collections" on others; the third brother can not maintain an action on the latter bonds, in his own name, against the obligor (or maker), on account of the interest vested in him by the transfer and receipt, either under the statute (Code, § 2890), or on common-law principles.

2. *General charge on evidence; error without injury.*—A general charge, in favor of either party, can not be given by the court *ex mero motu* (Code, § 3028); but, if it is afterwards given on request of the party entitled to it, the error is thereby cured.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Samuel Pleasants and Robert S. Pleasants, against Mrs. Susan C. Erskine; and was commenced on the 12th April, 1873. Robert Pleasants having disclaimed any interest in the suit, his name was struck out by amendment; and Samuel Pleasants having died, the action was revived in favor of his wife as administratrix. The action was founded on certain bonds, or promissory notes under seal, executed by the defendant, jointly with other persons, who were not sued in this action; which bonds were each dated January 14th, 1860, and payable to

[Pleasants v. Erskine.]

James J. Pleasants, on the 1st April, 1861, 1862, and 1863, respectively; and they were transferred by delivery only, without indorsement, by said James J. Pleasants to said Robert S. Pleasants, a receipt being taken which stated the consideration and purpose of the transfer. The complaint contained a special count on each of the bonds, and the common counts were added by amendment. The defendant filed several special pleas, denying the plaintiff's ownership of the bonds; and issue was joined on all of these pleas. On the trial, as the bill of exceptions shows, it was admitted that the bonds were given on the purchase by one of the makers of an interest in the mercantile house of Pleasants, Spottswood & Co.; that James J. Pleasants, the payee and obligee, was adjudicated a bankrupt in March, 1868; that he did not include said bonds in his schedule of assets, and did not surrender them to his assignee in bankruptcy; and that he transferred them, by delivery, on the 30th March, 1871, to Robert S. Pleasants, taking his receipt as above stated. Said James J. Pleasants testified, as a witness for the plaintiff, that he retained the bonds, and did not include them in his bankrupt schedules, because all the money invested by him in said mercantile house belonged to the estate of his deceased father, James J. Pleasants, senior, of whose estate he was the administrator, and he regarded the bonds as assets of the estate; and that he transferred them to said Robert Pleasants, as shown by the latter's receipt, in settlement of said Robert's and Samuel's distributive interests in the estate, which exceeded the amount due on the bonds. These being the material facts, the court charged the jury, *ex mero motu*, that they must find for the defendant, if they believed the evidence; and afterwards gave the same charge, on the written request of the defendant. The plaintiff excepted to each of these charges as given, and here assigns them as error.

R. W. WALKER, for the appellant, cited *Price v. Ralston*, 2 Dall. 60; *Cook v. Tullis*, 18 Wall. 332; *Hawkins v. Blake*, 108 U. S. 422; Code of 1876, § 2891; *Bryan v. Wilson*, 27 Ala. 208; *Dwyer v. Kennamore*, 31 Ala. 404; *Carrington v. Crocker*, 37 N. Y. 336; *Hill v. Huckabee*, 70 Ala. 189; *Boston & M. Railroad Co. v. Portland Railroad Co.*, 119 Mass. 498; 20 Amer. Rep. 338.

CABANISS & WARD, and HUMES & SHEFFEY, *contra*.

STONE, C. J.—By amendment of the complaint, this became a suit in favor of Samuel J. Pleasants, plaintiff, and

Susan C. Erskine, defendant. The plaintiff died, and the suit was revived in the name of his widow as administratrix. These are the sole parties to the record. The right of recovery is based on certain promises to pay money, styled in the complaint bonds, because they were executed with the signature and seal of the maker, although, in fact, mere money obligations. Among the defenses set up were sworn pleas, that the said bonds were not the property of plaintiff, and that plaintiff was not the party really and beneficially interested in the maintenance of the suit on said bonds.

The bonds upon which this suit claims a recovery are dated January 14, 1860, and are payable to James J. Pleasants. These bonds, together with other money obligations not pertinent to this suit, were, on March 30, 1871, placed by James J. Pleasants in the hands of Robert Pleasants, and his receipt taken therefor, specifying the purpose for which they were turned over to him. As to some of the notes or bonds, the receipt is in the following language : "Received in settlement of my interest in the estate of James J. Pleasants, the following claims," describing them. The James J. Pleasants here spoken of was the father of James J. and Robert, who were making the settlement. The language of the receipt, as to the bonds here in suit, is as follows : "And on the following claims I am to pay my brother Sam [plaintiff's intestate] one-fourth interest of the net collections." This is the entire interest the plaintiff shows herself entitled to, in the bonds on which this suit founded.

1. If the plaintiff, suing alone, can maintain this action at all, it is by virtue of our statute, which directs that on contracts for the payment of money, the suit "must be prosecuted in the name of the party really interested, whether he has the legal title or not."—Code of 1876, § 2890. In the absence of that statute, only the person having the legal title to the bond, could maintain an action upon it.

We hold, that the present action can not be maintained, for the following, among other reasons : The contract, by which James J. Pleasants turned the bonds over to Robert, did not, and does not, clothe Sam, plaintiff's intestate, with the real interest. It confers on him only a partial interest, one-fourth interest in the net collections. Where a contract is one and single for the payment of a gross sum of money, it can not, without the consent of the promisor, be so altered as to make it several, for the payment of parts of it to different persons separately.—1 Brick. Dig. 26, § 89; 3 *Ib.* 10, § 42.

2. The Circuit Court should not have given the general
VOL. LXXXII.

[Bozeman v. Bozeman.]

charge on the effect of the testimony, *ex mero motu.* The same charge *verbatim* was afterwards given, and rightly given, on the written request of the defendant, and this rendered the first ruling error without injury.

Affirmed.