# The South Alabama Oil & Fertilizer Co. v. Garner.

### Trial of the Right of Property.

1. *Conditional sale; insolvency of purchaser; fraud.*—Where guano is purchased by an insolvent debtor, under a conditional sale, for the express purpose of making a crop for himself, the transaction is not fraudulent as to the purchaser's creditors, and the property can not be subjected to creditors' claim as against the vendor thereof.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory trial of the right of property, which was instituted by the appellee, Wm. Garner, interposing a claim to 70 sacks of guano, which was levied upon as the property of one John Lisenby, under an execution issued upon a judgment, which the appellant, The South Alabama Oil & Fertilizer Co. had recovered against said Lisenby.

Upon the introduction of all the evidence the court at the request of the claimant, gave the following written charge: "If the jury believe the evidence, they must find the issue for the claimant." The plaintiff duly excepted to the giving of this charge; and also excepted to the court's refusal to give the general affirmative charge in its behalf. There were verdict and judgment for the claimant. The plaintiff appeals and assigns as error the giving of the charge requested by claimant, the refusal to give the general affirmative charge in favor of plaintiff, and the rendition of judgment in favor of claimant.

[The South Alabama Oil & Fertilizer Co. v. Garner.]

SOLLIE & KIRKLAND, for appellants.—Under the facts in this case, the conditional sale to the insolvent debtor, with the retention of title in the vendor, operated as and was a fraud against the creditors of the debtor.— *Devlin v. O'Neal,* 6 Daly's Rep. (N. Y.) 305; *Winchester Wagon Works v. Carmen,* 109 Ind. 31; *Paget v. Hozen,* 31 Barb. (N. Y.) 650.

H. L. MARTIN, *contra.*

COLEMAN, J.—The appellant's execution issued upon a judgment which it had recovered against one John Lisenby, was levied upon seventy sacks of guano as the property of the defendant in execution. The appellee, Garner, under the statute interposed a claim to the property, and the issue was made for the trial of the right of property. It was proven and admitted to be true that the defendant in execution had purchased the guano from the claimant under a conditional sale, "it being agreed and understood that the title and ownership in and to said guano does not pass to but shall remain vested in the said William Garner until this note shall have been paid, and he shall have the right to take back said guano, whenever he may deem proper and necessary." At the time of the purchase of the guano, Lisenby was insolvent, and this was known to the vendor. The bill of exceptions shows, as stated in the abstract, that the guano was purchased by Lisenby, and it was sold to him, for the purpose of making a crop for himself. After the levy, upon filing the bond as provided by statute, the guano was delivered to claimant, who subsequently sold it to the wife of Lisenby, and by her it was used on her land. Upon this statement of facts, the appellant contends, that the conditional sale was made to hinder, delay and defraud the creditors of Lisenby, and is void as to them. Out of what has the creditors been defrauded by this transaction? Before the sale to him, the debtor had nothing, subject to the creditors' demand. By the terms of the sale, the guano was to be used by the debtor in making a crop for himself. He could not dispose of it by sale or otherwise, under the agreement, other than making a crop. Any benefit to the debtor to be derived from the purchase of the guano, resulted equally to the benefit of his creditors. We do not

see how this transaction can work a fraud upon creditors. In the case of *Adkins v. Bynum*, 109 Ala. 281, which was a sale of merchandize, the vendee at the same time executing a mortgage to the vendor to secure the payment of the purchase money, the mortgage stipulating that the vendee might dispose of the goods in due course of trade, the proceeds to be applied to the payment of the mortgage debt, we held that such a transaction could not be a fraud upon creditors. There is quite a distinction to be observed in cases of sales and transfer by a debtor of property liable to his debts, which by the sale or conveyance is put beyond their reach, and property purchased by him, the vendor securing the purchase money either by retaining the title in himself, or by having a mortgage executed back contemporaneously with the sale upon the property.

There was no conflict in the evidence, and the court did not err in giving the affirmative charge for the claimant.

Affirmed.