[Park-Robertson Hardware Co. v. Copeland.]

# Park-Robertson Hardware Co. *v.* Copeland.

## *Assumpsit.*

(Decided November 19, 1914.    Rehearing denied December 15, 1914.
66 South. 880.)

1. *Frauds; Statute; Debt of Another; New Consideration.*—Where one who is indebted to another, or will become so indebted upon the performance of a contract, agrees to pay to a third person the amount of such debt in return for some new consideration moving from such third person, the promise is not a promise to pay the debt of another within the meaning of the statute of frauds (sec. 4289, subd. 3, Code 1907) but is in effect an assignment of the original debt.

2. *Contracts; Implied; Promise to Pay.*—No particular form of words is necessary to create a contract relationship between parties, but it may be implied in words or conduct evidencing such intention.

3. *Same.*—The evidence examined and held sufficient to warrant the jury in finding that the owner, as an inducement to plaintiff to advance credit to the contractor for the materials, promised with the consent of the contractor to pay plaintiff therefor out of funds due the contractor.

4. *Same; Breach; Recovery.*—Under such a promise plaintiff can recover no more than the contractor could have recovered if such an arrangement had not been entered into.

5. *Same.*—The fact that after the arrangement was made the owner paid out sums due other creditors of the contractor at his request, is no defense to an action by plaintiff, unless plaintiff consented thereto.

6. *Assumpsit; Special Counts; Issues.*—Special counts in assumpsit alleging that plaintiff sold materials to a contractor at the request and upon the credit of the owner, do not allege a promise by defendant owner with the consent of the contractor as an inducement to plaintiff to furnish the materials to the contractor on credit, that defendant would pay therefor out of moneys due the contractor.

7. *Same.*—There can be a recovery upon the promise proven under the common counts.

8. *Appeal and Error; Harmless Error; Instructions.*—Where an issue is not alleged in the declaration, it is harmless error to take the same from the jury by instruction although it was established by plaintiff's evidence.

9. *Same; Evidence.*—Where plaintiff had previously testified to the same facts, it was harmless error to admit such testimony on behalf of defendant.

APPEAL from Tuscaloosa Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Assumpsit by the Park-Robertson Hardware Company against Marvin Copeland. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint contained the common counts and counts claiming for goods, wares and merchandise sold by plaintiff to Andrew Johnson at the request of defendant, and on defendant's credit alone; such counts stating the facts as shown by the facts set out in the opinion.

OLIVER, VERNER & RICE, for appellant. The court erred in giving charges 1 and 2 at the request of defendant.—*Bates v. B'ham P. & G. Co.,* 143 Ala. 198. Counsel discuss other assignments of error, but without further citation of authority.

BROWN & WARD, for appellee. The court did not err in the charges given.—*Boykin v. Dohlonde,* 37 Ala. 457. Counsel discuss other assignments of error, but without further citation of authority.

THOMAS, J.—Generally, any promise to pay another's debt, which is not discharged or released by the terms of the promise, or other contemporaneous arrangement, is void as obnoxious to the statute of frauds (Code, 4289, subd. 3), unless in writing, expressing the consideration, and subscribed by the party sought to be charged.

"To this rule there are exceptions. A party may make a valid oral contract, which operates to create a new debt of his own, if founded on a new and independent consideration, though the effect of the payment is to pay another's debt. In order, however, to have this effect, the essence of the new undertaking must be the payment of the promisor's own debt, by paying the debt of a third person."—*Clark v. Jones,* 85 Ala. 130, 4 South. 772.

For instance, when A. owes B., or is under an existing contract with B., whereby he will owe B. for services to be performed in the future under such existing contract, he may make a parol promise to C. to pay him (C.) what he (A.) owes B. at present or will owe B. in the future on the performance by him of the services, which promise will be valid, provided B. assents to it, and provided further some new consideration passes as a foundation for the new promise; for instance, provided C. in return for the promise agrees to and does make advances to B. in money or other things of value. Though by the arrangement B. is not to be relieved of his own obligation to C. for such advances until A. has actually carried out his promise and paid C. out of what he owes B., yet such promise on A.'s part to C. is in no sense a "promise to answer for the debt, default or miscarriage of another," but merely a promise to pay his own debt to B. in a particular way by agreeing to pay it, with B.'s consent, to C., thereby discharging, when paid, B.'s debt to C. to that extent.—*Aultman v. Fletcher,* 110 Ala. 459, 18 South. 215; *Bates v. Bir. Glass Co.,* 143 Ala. 200, 38 South. 845; *Malone Mer. Co. v. Greer,* 169 Ala. 546, 53 South. 810; *Woodruff v. Scaife,* 83 Ala. 152, 3 South. 311; *Merrell v. Witherby,* 120 Ala. 428, 23 South. 994, 26 South. 974, 74 Am. St. Rep. 39; *Ragsdale v. Gresham,* 141 Ala. 309, 37 South. 367; *Espalla & Haynie v. Wilson,* 86 Ala. 487, 5 South. 867; *Wright v. State,* 79 Ala. 262, *Thornton v. Williams,* 71 Ala. 555; *Plott v. Foster,* 7 Ala. App. 405, 62 South. 299.

Such a tripartite agreement between the parties is equivalent, in effect, to an assignment by B. to C. for a present consideration, with A.'s consent or assent thereto, of a debt, or portion of a debt, due to B. by A., or that will become due upon the performance by B. of services under an existing contract with A.; since under

29 CA

either of such agreements C. may sue A. in his own right and recover whenever B. could have recovered but for the assignment.—*Wellborn v. Buck,* 114 Ala. 278, 21 South. 786; *Kansas City Ry. Co. v. Robertson,* 109 Ala. 298, 19 South. 432; *Payne v. Mobile,* 4 Ala. 333, 37 Am. Dec. 744; *Harrison v. L. & N. R. R. Co.,* 120 Ala. 42, 23 South. 790; *Pleasants v. Erskine,* 82 Ala. 386, 2 South. 122; *Purcell v. Mather,* 35 Ala. 570, 76 Am. Dec. 307; *Skipper v. Stokes,* 42 Ala. 255, 94 Am. Dec. 646; *Shackleford v. Kiser Co.,* 131 Ala. 224, 31 South. 77.

No particular form of words is necessary to create such an arrangement between the parties. Any language of the one acquiesced in and assented to by the other clearly evidencing such an intention and agreement is sufficient.—*Wells v. Cody,* 112 Ala. 278, 20 South. 381; *Strickland & Co. v. Lessne,* 160 Ala. 213, 49 South. 233; 2 Am. & Eng. Ency. Law, 1055-1068. It, like other parol contracts, need not be express, but may be implied or inferred from the conduct and words of the parties under the particular facts and circumstances surrounding them at the time. As has been said by our Supreme Court, speaking with reference to a similar question:

"Both express and implied contracts are founded upon the actual intention and agreement of the parties, the only distinction between them being as to the mode of proof, or evidence by which they are substantiated. There are, no doubt, some cases so free from ambiguity, or opportunity for inference as that the court itself could legally presume such intention and agreement [or its absence]; but in all cases of doubt it is well settled to be a matter proper for the determination of the jury, who would have a right to consider all the relevant circumstances of the case throwing any light upon the question of such intention and agreement."—*Keel v. Larkin,* 72 Ala. 502; *Clark v. Jones Bros.,* 87 Ala. 475, 6 South.

362; *Montgomery v. Waterworks,* 77 Ala. 248; *Stouden-mire v. Harper,* 81 Ala. 242, 1 South. 857; *Curry v. Shel-by,* 90 Ala. 277, 7 South. 922.

In the present case the evidence for the plaintiff—appellant here—tended to show that one Andrew Johnson made and entered into a contract with the defendant, Copeland, to furnish the material and to do all the framework in the erection of three buildings in the city of Tuscaloosa. For the purpose of carrying out these contracts with Copeland, the said Andrew Johnson applied to plaintiffs, who are hardware merchants at Tuscaloosa, to furnish him on credit the material necessary in the erection of said buildings. This the plaintiffs declined to do; whereupon Johnson said he would get the defendant, Copeland, for whom he (Johnson) was to do the work, to come around to the store, and asked plaintiffs, if, in the event he (Copeland) would come around and stand for the debt, they would advance the said materials, to which plaintiffs made reply in the affirmative. Johnson then went off, and several days later returned to the store, bringing with him Copeland, who, in the presence of Johnson, then and there stated to plaintiffs (quoting plaintiffs' witness) that he (Copeland) had given Andrew Johnson the contracts to build the houses and had lots of other work (for him) to do. "I do not want [he, Copeland said] to be wholly responsible for these goods, but if you sell Andrew [Johnson] for these jobs, I will pay your bills on the first of each month." Both Johnson and plaintiff assented to this, and on the strength thereof the plaintiffs subsequently furnished and advanced the material to the total amount of $573.75, entering the charge therefor upon their books against "Andrew Johnson-Copeland job." The member of plaintiffs' firm with whom the above arrangement was made, and who, as a witness for plaintiffs, deposed

to the facts thereof as above stated, was asked in that connection as such witness this question, "Did he (Copeland, the defendant) tell you that he would pay out of Johnson's money?" To which the witness replied that he did not remember.

Assuming that he (Copeland) did not use such express words, yet what he did say, as before quoted, under the circumstances detailed, affords basis for an inference that such is what he meant and intended, and that such is what the other parties understood and had a right to understand him as meaning and intending at the time. Whether or not, therefore, he so meant and was so understood, we think, under the facts and circumstances of the case, was question for the jury and not for the court.—*Clark v. Jones,* 87 Ala. 475, 6 South. 362. If the jury so found, then the contract, as before pointed out, was one not within the operation of the statute of frauds.—Authorities supra.

However, the court withdrew from the jury the consideration of that question by giving two written charges requested by the defendant, Copeland, embodying the proposition that the plaintiff was not entitled to recover unless the jury were reasonably satisfied from the evidence either that the credit was extended to Copeland the defendant, and not to Johnson, or, if extended to Johnson, that Copeland's promise to pay for it was in writing.

It is true that, if there is no count in the complaint here predicated upon that cause of action, which is supported by the tendencies of the evidence we have just pointed out and discussed, there could be no error, or at least no injury if error, on the part of the court in giving the charges mentioned; for certainly a plaintiff is not permitted to complain of the action of the court in ignoring by its charge and withdrawing from the considera-

[Park-Robertson Hardware Co. v. Copeland.]

tion of the jury evidence of a cause of action not alleged in the complaint—probata without allegata being as impotent as allegata without probata.

The complaint consists of the common counts and two special counts; and, while neither of the special counts seems to have been grounded upon the cause of action against the defendant as mentioned (since each expressly alleges a sale to Andrew Johnson of the goods, wares, and merchandise "at the request and upon the credit of the defendant"), yet we are of opinion that the common counts found in the complaint are sufficient to authorize a recovery, even though the goods were not sold on the credit of defendant, and even though his promise to pay for them was not in writing, provided the jury believed, as some of the evidence as discussed tended to show, that defendant, Copeland, as the inducement to the plaintiff to advance on credit said materials to Johnson, promised plaintiff, with Johnson's assent, to pay plaintiff for them out of the funds that defendant would be due Johnson for services to be performed under existing contracts with him; and provided, furthermore, as inferences from some of the evidence would warrant, the jury further believed that at the time of the bringing of the suit Johnson had performed the services and would himself have been entitled to recover of defendant therefor but for the assignment, either on the contract or on a quantum meruit.

Plaintiffs, however, could in no event recover more than what Johnson could have recovered but for the assignment; for, although plaintiffs' evidence be believed to the effect that defendant agreed to pay the bills each month, yet, unless the jury also believed that the intention and understanding was that it was to be paid only out of what Johnson earned, the promise of defendant was void as obnoxious to the statute of frauds, unless

the sole credit was extended to defendant.—Authorities, supra; *Boykin & McRae v. Dohlonde,* 37 Ala. 577. And if defendant did make such agreement to pay plaintiffs out of Johnson's earnings, it was in effect an assignment of such earnings to the amount of plaintiffs' debt, and the fact that defendant, as proved by him, subsequently paid out such earnings to other creditors of Johnson, though at the latter's direction, would be no defense to the suit, unless shown to have been done with plaintiffs' consent.—*Wellborn v. Buck, supra; Harrison v. L. & N. R. R. Co., supra; Payne v. Mobile, supra.*

There was error, too, we think, on the part of the court in permitting defendant to ask, and witness to answer, the questions made the basis of the first and second assignments of error; but there was no injury, since the plaintiff had previously testified, at the instance of his own counsel, to the same state of facts.

For the error of the court in giving the charges mentioned, the judgment of the lower court is reversed.

Reversed and remanded.