# Southern Wesco Supply Co. v. Hammond.

*Assumpsit.*

(Decided November 19, 1914. Rehearing denied December 15, 1914. 66 South. 941.)

*Fraudulent Conveyances; Assignment by Contractor; Reservation of Benefit.*—Where, in order to procure the material and money to carry out his contract with the constructor, a contractor arranged with another to advance him by giving such other an order on the constructor for all sums becoming due under the contract, and the order or assignment was accepted by the constructor, there was a valid assignment, and the fact that during the performance of the work, the party making the advances let the defendant, who did manual labor on the contract, have on such work for his personal use the sum of $6 per week, did not amount to a reservation of a benefit vitiating the assignment under section 4287, Code 1907.

APPEAL from Gadsden City Court.

Heard before Hon. J. H. DISQUE.

The Southern Wesco Supply Company had judgment against the Monarch Heating & Supply Company and W. G. Gallespie, and had garnishment issued to the Interstate Constitution Company, with notice to defend-ants. The garnishees answered suggesting J. W. Hammond as claimant to the fund garnished, and the claimant came in and propounded his claim to the fund garnished, under the circumstances as set forth in the opinion. Judgment for claimant, and plaintiff appeals. Affirmed.

GEORGE D. MOTLEY, for appellant. Even if the assignment be absolutely unqualified in form, if it is in fact made merely as security for the indebtedness of the assignor, there is reservation of benefit and the assignment is void as to other creditors.—*Steiner v. Scholze,* 114 Ala. 188; *O'Neal v. B'ham B. Co.,* 101 Ala. 384; *Truitt v. Crook,* 129 Ala. 377; *Sims v. Gaines,* 64 Ala. 392. The agreement that defendant should draw wages for his work and for superintendence, was a reservation of benefit rendering the transfer void.—*B'ham D. G. Co. v. Roden,* 110 Ala. 511; *Stevens v. Regenstein,* 89 Ala. 561; sec. 4287, Code 1907.

ROPER & STEPHENS, for appellee. The assignment was in good faith and for a valuable consideration, and therefore valid.—*Welborn v. Buck,* 114 Ala. 277; *Harrison v. L. & N.,* 120 Ala. 42. The fact and bona fides of the transfer are alone in issue.—*Ober & Sons v. Phillips-Butterff Mfg. Co.,* 145 Ala. 627; *Rowland v. Plumber,* 50 Ala. 182; *Truitt v. Crook,* 129 Ala. 377.

THOMAS, J.—The judgment in favor of the appellant, the Southern Wesco Supply Company, upon which the writ of garnishment was issued in this case, was ob-

tained on November 12, 1913, and four days later, November 16, 1913, the writ of garnishment thereon was issued and served on the garnishee, who made answer suggesting the appellee, Hammond, as claimant. Hammond propounded his claim, which was contested by plaintiff; and on trial thereupon had on the issue formed between them there was judgment in favor of claimant, from which the plaintiff appeals.

The evidence disclosed without dispute the following facts: On or about June 14, 1912 (some five months, as seen, before plaintiff's [appellant's] judgment was obtained against the defendant in garnishment), the said defendant entered into a contract with the garnishee, whereby, in consideration of the sum of $4,250 to be paid him, he agreed to furnish all necessary material and labor and install a heating plant and plumbing outfit in a building then being erected by the garnishee under contract with the United States government. The defendant, in order to procure the material and the money to pay the labor necessary to the carrying out of this contract with the garnishee, arranged with the claimant, Hammond, to advance it, by giving said Hammond, at or about the time of the making of the contract with the garnishee, to wit, June 14, 1913, an order on the latter to pay Hammond all sums as they became due him (the defendant) under said contract with garnishee, which order or assignment the garnishee then assented to and accepted. In pursuance of this arrangement, Hammond, the claimant, paid the bills for and freight on the necessary materials as ordered for the job and for the labor employed in its execution, amounting in the aggregate, when added to what he had actually paid out in cash that for which he had incurred a legal liability, to a sum several hundred dollars in excess of the contract price ($4,250) which garnishee was

to pay for the job. At the time of the service of the writ of garnishment, issued upon the judgment so previously obtained by plaintiff (appellant) against defendant, the garnishee had not paid to defendant's said assignee, the claimant (appellee), the total of the contract price of the job mentioned; and the object of the garnishment was to reach the unpaid balance. On the issue thus raised between plaintiff (appellant) and the claimant (appellee) as to the ownership of the fund, the lower court found for and rendered judgment in favor of the claimant (appellee), thereby upholding the validity of the defendant's assignment mentioned. From this judgment, plaintiff appeals.

His counsel practically concede, what is entirely clear to us under the authorities (*Wellborn v. Buck,* 114 Ala. 279, 21 South. 786; *Harrison v. L. & N. R. R. Co.,* 120 Ala. 42, 2 3South. 790; *Payne v. Mobile,* 4 Ala. 333, 37 Am. Dec. 744), that, if the evidence had stopped with what of it we have hereinbefore recited, the action of the trial court in finding for claimant was free from error; but it is insisted by counsel that there is a fact in this case (not stated in our recital and which is now to be stated) that differentiates this case from the cases cited and that renders defendant's said assignment to claimant inoperative and totally void as against the plaintiff; and this is the fact that during the progress of the work, in the performance by defendant of the contract with garnishee, the claimant, as a part of the mentioned advances furnished for the job, let the defendant, who not only superintended the job but did manual work on it, have on his work, for his personal use and to meet his necessities, $6 per week during a part of the time the contract with garnishee was being carried out. This fact alone, it is urged by appellant's counsel, who do not contend that there was any actual

fraud in the transaction, constituted a "reservation of benefit" to the defendant and brings, it is insisted, his said assignment, which was absolute .in form, within the vitiating influences of section 4287 of the Code, which declares:

"All deeds of gift, all conveyances, transfers, and assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, are void against creditors existing or subsequent, of such person."—*Truitt v. Crook,* 129 Ala. 379, 30 South. 618.

This contention of appellant's counsel is, we think, so sufficiently answered by the principles announced and applied in the following authorities as to save the necessity. of a discussion: *Adkins v. Bynum,* 109 Ala. 281, 19 South. 400; *Cox v. Birmingham Dry Goods Co.,* 125 Ala. 320, 28 South. 456, 82 Am. St. Rep. 238; *South Ala. Oil Fert. Co. v. Garner,* 112 Ala. 447, 20 South. 628; *Stanley v. Johnson,* 113 Ala. 344, 21 South. 823; *Pugh, Stone & Co. v. Harwell & Clark,* 108 Ala. 487, 18 South. 535; *Kidd v. Josiah Morris & Co.,* 127 Ala. 400, 30 South. 508; *Perry Ins. Co. v. Foster,* 58 Ala. 502, 29 Am. Rep. 779. In the case of *American Trust & Savings Bank v. G. E. O'Barr,* in MSS., decided at this term, we dealt with an assignment similar to that here, in that it was also absolute in form, but different from the one here, in that, under that assignment there would be an excess left after paying the debt secured, while here there will be none.—*Truitt v. Crook,* 129 Ala. 377, 30 South. 618.

We have disposed of, adversely to appellant, the only question insisted on in brief, and the judgment appealed from is affirmed.

Affirmed.