# Broadwell v. Imms.

### Assumpsit.

(Decided November 16, 1915. 70 South. 294.)

1. **Assignment; Rights Assignable; Contingent Rights.**—When coupled with a present interest, contingent rights are assignable at law, but where the right to receive payment upon an executory contract is assigned, the assignee's rights depend upon the assignor's compliance with the contract.

[Broadwell v. Imms.]

2. **Same; Effect; Payment to Assignor.**—Where a contractor has performed an executory contract so as to entitle him to recover either in whole or in part, the debtor is not discharged by a payment to the assignor if he has knowledge of the assignment.

3. **Same; Building Contract.**—Where a building contractor assigned to plaintiff his right to compensation in order to procure materials, and it was agreed between the parties, the owner participating, that plaintiff should receive all payments, and should furnish materials, and the debtor contractor abandoned the work before completion, the owner who was liable on the quantum meruit for the work done could not discharge that liability by a compromise with the original contractor.

4. **Same; Executory Contract; Discharge.**—Conceding that the contractor could compromise the claims due in such a case, yet the debtor could only secure immunity by paying the amount agreed upon to the assignee, and where the assignee refused to accept, the debtor was not justified in paying the contractor, but must make and keep good his tender to the assignee.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by Kaleel Broadwell against I. W. IMMS. Judgment for defendant and plaintiff appeals. Reversed and remanded.

The following is count:

Plaintiff claims of defendant the said sum of $640, with interest thereon since September 5, 1913, under the following circumstance, viz.: On July 21, 1913, one C. O. Stevens entered into a contract with defendant, by the terms of which said Stevens agreed to furnish all labor and material, and to build, complete, for defendant, a house on Davis avenue, opposite the Catholic Cemetery, in Mobile county, Ala., for the sum of $1,641. That thereafter it was agreed between said Stevens and said defendant that certain other work, including extras and the painting of said building, was to be done by said Stevens at a total expense of $1,511. That to the knowledge of defendant, shortly after the execution of said contract, it was agreed between said Stevens and plaintiff that plaintiff would furnish to said Stevens all money needed by him for the purpose of enabling him to carry out the terms of said contract, and that, in order to protect plaintiff from loss for so furnishing said money, said Stevens had transferred to plaintiff all his rights under said contract, including the right to collect from defendant all payments which he would otherwise have been required to pay over to said Stevens under the terms of said contract. That defendant then and there knew that said Stevens would not be able to

obtain material and perform said contract without financial assistance; that, in order for said Stevens to obtain financial assistance, enabling him to perform said contract, it would be necessary for defendant to agree to make all payments under said contract to plaintiff; and that, because of such consideration, said contract of July 21, 1913, between said C. O. Stevens and defendant, was made to contain a clause providing that all checks thereunder must be made payable to plaintiff. That, in order to induce plaintiff to agree to furnish financial assistance to said Stevens, for the purpose of enabling him to perform said contract, defendant agreed with plaintiff and said C. O. Stevens that he (defendant) would make payable to plaintiff all checks necessary to pay for the performance of said contract by said Stevens. Plaintiff further avers that, after the making of the arrangement aforesaid, he paid out for said Stevens, for the purpose of enabling him to perform said contract, the sum of, to-wit, $1,540; that said contract between said Stevens and said Imms had been fully performed; that defendant has paid to plaintiff, under the terms of said contract, only the sum of, to-wit, $900, so that there is still due to plaintiff by defendant the said sum of $640, with interest as aforesaid.

The following are the pleas referred to:

(5) Defendant says that after the making of said contract, and after said Stevens had partly performed said contract, he became unable to complete said contract by reason of a lack of funds, and declined to perform said contract, and thereupon on September 3, 1913, said Stevens and said defendant entered into an agreement, under the terms of which said Stevens surrendered said contract, and delivered said building to said I. W. Imms in its then incomplete condition; that said defendant then accepted said building as it then stood, and released said Stevens from any liability by reason of the breach of said contract by said Stevens; that said Stevens and said Imms then agreed that the balance due to said Stevens under said contract was $300, which was to be in full release and settlement of all sums due or to become due to said Stevens under the terms of said contract; that in consideration of the payment of said sum of $300, said Stevens released and discharged said Imms from any and all liability to pay any further sums under the terms of said contract; that thereupon on said September 31, 1913, said Imms drew a check for $300 payable to said Broad-

[Broadwell v. Imms.]

well, and delivered said check to said Stevens, who thereupon tendered said check to said Broadwell, who declined to accept it. Wherefore, defendant says the plaintiff ought not to maintain this suit.

(6) For further answer defendant says that after the making of said contract, and after said Stevens had partly performed said contract, he became unable to complete said contract by reason of a lack of funds, and declined to perform the said contract, and thereupon on September 3, 1913, said Stevens and said defendant entered into an agreement, under the terms of which said Stevens surrendered said contract and delivered said building to said Imms in its then incomplete condition; that said defendant then accepted said building as it then stood, and released said Stevens from any liability by reason of the breach of said contract by said Stevens; that said Stevens and said Imms then agreed that the balance due to said Stevens under said contract was $300, which was to be in full payment and settlement of all sums due or to become due to said Stevens under the terms of said contract; that in consideration of the payment of said sum of $300 said Stevens released and discharged said Imms from any and all liability to pay any further sum under the terms of said contract; that thereupon on September 3, 1913, said Imms drew a check for $300 payable to said Broadwell, and delivered said check to said Stevens, who thereupon tendered said check to said Broadwell, who declined to accept it; that after said Broadwell refused to accept said check for $300, said Imms paid said sum of $300 to said Stevens, who thereupon released said Imms from any and all liability under said contract. Wherefore, defendant says that plaintiff ought not to maintain this suit.

WEBB & MCALPINE, for appellant. FRANCIS J. INGE, for appellee.

THOMAS, J.—A statement of the facts relied on by plaintiff for recovery, and sufficient to an understanding of the case, is found in count 6 of the complaint, the substance of which will be hereinafter set out, and to which the defendant pleaded, in addition to the general issue, two special pleas numbered, respectively, 5 and 6, whose substance is hereinafter set out. The overruling of a demurrer to these pleas, as well as the sustaining of a demurrer to plaintiff's replication to them, constitute the

chief alleged errors that are relied on for a reversal; the plaintiff, as a consequence of the adverse rulings, having taken a nonsuit.—*Bush v. Russell*, 180 Ala. 590, 61 South. 373; *Henderson v. Tenn. C. & I. Co.*, 190 Ala. 126, 67 South. 414; Code of 1907, § 3017. The case involves a consideration of the rights of the assignee of a nonnegotiable chose in action, where the liability of the debtor to the assignor was contingent at the time of the making of the assignment.

(1) It is well settled that contingent rights are assignable at law when coupled with a present interest in the assignor. For instance, if the assignor is under an existing contract with another to perform some service or to do some act, he may validly assign the wages or compensation that in the future will accrue to him upon the performance of the act or service, and this in consideration of and as security for either a present indebtedness or for advances which he may find it necessary to obtain.— *Wellborn v. Buck*, 114 Ala. 277, 21 South. 786; *Southern Wesco Supply Co. v. Hammond*, 11 Ala. App. 493, 66 South. 941; *Park Robertson Hdw. Co. v. Copeland*, 11 Ala. App. 447, 66 South. 880; *American Trust & Savings Bank v. O'Barr*, 12 Ala. App. 546, 67 South. 794. However, since such an assignment is an assignment of something that has at the time merely a potentiality, and not an actuality—compensation to be thereafter earned by the assignor under an existing contract, and not compensation already earned by him—the assignee's right thereto is, like the assignor's right would be in the absence of such an assignment, contingent, depending for its maturity, or for its ripening into an absolute right, upon the performance by the assignor of the service for which the compensation was promised. Therefore the assignee cannot recover anything unless at the time of bringing the suit the assignor has fully performed the contract so as to entitle him, in the event there had been no assignment, to recover thereon; or unless he has so far performed it as that he could, but for the assignment, recover on a quantum meruit. The assignee acquires the same, but no greater right than the assignor has to recover. In other words, he must abide the case of the latter, from whom he buys such a contingent right, and whose performance of the service contracted for is a condition precedent to the maturity of the right.—*Park Robertson Hdw. Co. v. Copeland*, 11 Ala. App. 447, 66 South. 880; *Payne v. Mobile*, 4 Ala. App. 333, 37 Am. Dec. 744.

(2) But after the assignor has performed the service under such circumstances that he would have a right, but for the assignment, to recover something of the debtor, either in full under the contract, or in part on a quantum meruit, then the debtor, after he has received notice of the assignment, cannot do anything to prejudice the rights of the assignee, either by payment to the assignor or other person at his request, or by securing from the assignor a release or discharge of the claim assigned; though he could do so before receiving notice of the assignment, since until notice of an assignment the debtor is not affected thereby and, consequently, until then may acquire and subsequently set up against the claim of the assignee any defense that would have availed him (the debtor) against the assignor had there been no assignment.—2 Am. & Eng. Ency. Law (2d Ed.) 1099; *Wray v. Furniss,* 27 Ala. 471; *Stewart v. Kirkland,* 19 Ala. 162; *Cook v. Mutual Co.,* 53 Ala. 37.

(3) The case as made for the plaintiff in said count 6 of the complaint, when drawing from the facts as there pleaded the proper legal conclusions, is that the plaintiff was the assignee or transferee from a third person, one Stevens, of a sum of money to become due the latter by the defendant under a contract between the two, whereby said Stevens was to construct for the defendant a certain building at and for a stated consideration, it being alleged in said count that the assignment or transfer was made to plaintiff by said Stevens before the services, the performance of which would entitle him, said Stevens, to said sum, were performed by him under the said contract with defendant, but was made after the contract therefor was executed and while it existed; that such transfer or assignment was made in consideration of plaintiff's agreeing to furnish said Stevens with the necessary funds to carry out said contract with defendant; that plaintiff had furnished said Stevens said funds and that said Stevens had fully performed said contract with defendant; that the defendant, at the time said assignment was made, assented thereto and agreed then to make all payments, as they became due under said contract, to the plaintiff; and that there was a named balance still due and which remained unpaid—the contract having, as alleged, been fully performed. The case in some of its aspects is not unlike that of *Park Robertson Hdw. Co. v. Copeland, supra,* as well as resembling in some of its features that of *Southern Wesco*

*Supply Co. v. Hammond, supra,* and *American Trust & Savings Bank v. O'Barr, supra.*

The two special pleas of the defendant, before mentioned. and numbered 5 and 6, respectively, set up, each, in substance,. that the contract of said Stevens with defendant had not been fully performed, but that after said Stevens had partly performed the same he became unable to complete it by reason of a. lack of funds and failed to fully perform it; that thereupon defendant and said Stevens entered into a compromise agreement, whereby each released and discharged the other from any and' all liability under the contract—the defendant releasing and discharging said Stevens from liability for the mentioned breach. and the said Stevens releasing and discharging defendant from. liability for any further payments for services actually performed—upon the payment by defendant to said Stevens of $300,. which, in addition to the payments, totaling some $900, previously made to plaintiff as said Stevens' assignee, it was agreed. between defendant and said Stevens, in view of the compromise, was adequate consideration for the services actually performed. by said Stevens. The pleas further alleged that, upon making said compromise agreement, the $300 to be paid thereunder by defendant was, with the consent of said Stevens, tendered to the plaintiff, as the assignee of said Stevens, and that, upon plaintiff's refusal to accept it, it was paid to said Stevens in conclusion of the agreement.

The demurrer raises the point that the pleas are not a sufficient answer to the complaint, in that it appears from the facts as disclosed in the complaint and the pleas that the defendant was without right, by any compromise agreement with said. Stevens, to conclude the plaintiff as to the amount said Stevens was entitled to for the services performed under the contract, unless assented to and acquiesced in by the plaintiff, which was. not alleged. We are of opinion that the point is well taken. According to the averments of the plea, the contract between Stevens and defendant was terminated before it was fully performed. Upon such termination, whether by mutual consent of defendant and Stevens, or by a breach on the part of Stevens, the plaintiff's rights as the assignee of said Stevens became fixed and were not subject to be subsequently disturbed by agreements. between Stevens and defendant to which plaintiff was not a party. Whatever sum, if any, the defendant may, at the time of

such termination, have owed said Stevens for services performed under the contract—the plea concedes there was some—the plaintiff, as assignee, was entitled to; and it was not within the province of the defendant and said Stevens, without the consent of plaintiff, to bind the plaintiff as to the amount. No accord and satisfaction on their part, to which the plaintiff was not a party, could conclude the plaintiff. The plaintiff had a right to have the tribunals of the law ascertain the amount, unliquidated as it was, in the event plaintiff was, as appears from the plea, unwilling to abide the decision of said Stevens and defendant, or could not agree with them on the matter. The pleas 5 and 6 are therefore, for reasons stated, as well as for other reasons not pointed out by the demurrer, not good as pleas of accord and satisfaction (1 Am. & Eng. Ency. Law [2d Ed.] 408), which, since we know of no other classification in any wise appropriate, we assume they were intended to be.

(4) But even conceding that defendant and said Stevens could by compromise agreement bind plaintiff as to the amount of the balance due Stevens, the defendant could not, as before seen, procure his release from the obligation to pay such amount by paying it to said Stevens, since it appears the defendant at the time knew of the assignment by Stevens to plaintiff and had previously assented thereto, and had at that time agreed to pay plaintiff whatever sum would become due by the defendant under the contract. The fact that plaintiff declined to accept said sum when tendered him does not alter the case, because his refusal to accept could not in law be construed into an authorization to pay it to Stevens. A discharge from the obligation to pay plaintiff the $300—even assuming that the said agreement between defendant and Stevens in fixing that sum as the amount due was binding on plaintiff—could only be secured by a payment of it to the plaintiff himself, or to his authorized agent. If the plaintiff declined to accept it when tendered, it behooved defendant, if he would avoid a judgment against him when sued by plaintiff, to keep the tender good, and when sued by the plaintiff to pay the sum into court and to so allege in his plea. In such event, if the agreement between Stevens and defendant as to the amount due were binding on plaintiff, then the allegation by defendant in a plea setting up such agreement, coupled with a further allegation of tender to plaintiff and payment of the sum into court, would relieve defendant from further liability. As the plea

[McRight, et al. v. Farned.]

stands, however, it in legal effect confesses a liability for $300, and sets up no matter in avoidance—no payment to plaintiff or to any one authorized by him to receive it, and no tender (at least, no sufficient tender, 28 Am. & Eng. Ency. Law, [2d Ed.] 17, et seq.), nor set-off, nor any other matter that would relieve defendant of the liability to plaintiff to pay at least $300.

The pleas probably have other deficiencies as well as those pointed out. By what we have said we do not mean to be understood as holding that the contract between Stevens and defendant was such an one, or of such character, as that, after its breach by Stevens, he, but for the assignment and the accord and satisfaction mentioned, which was binding on him, would have been entitled to recover of defendant on a quantum meruit for the services actually performed. Whether he would have been so entitled or whether he would not are questions not presented, since the pleas mentioned assume that he would. If he would not, by reason of his breach, be entitled to recover at all, then the plaintiff, as his assignee and who stands in his shoes, could not recover. The pleas here, however, while alleging a breach of the contract by Stevens, in effect concede that, notwithstanding the breach, he was entitled to recover of defendant some amount on a quantum meruit for services performed. So conceding and showing, as the pleas do, that the amount was unliquidated and uncertain, the defendant could not by agreement with Stevens, without the consent of plaintiff, his assignee, conclude plaintiff as to the amount.

The demurrers, we think, sufficiently raise this point, and we consequently, hold that the court erred in not sustaining them.

Reversed and remanded.