162 So.2d 628

**CRAWFORD–WHITING, INC.**

v.

**GENERAL ELECTRIC COMPANY.**

**I Div. 150.**

Supreme Court of Alabama.

April 2, 1964.

Thos. F. Sweeney, Mobile, for appellant.

Leon G. Duke, Mobile, for appellee.

PER CURIAM.

The defendant below appeals from a judgment rendered against it in the circuit court of Mobile County. The trial was non-jury.

The complaint contains one count by which the plaintiff claims of the defendant $3031.78, with interest, due by account. The judgment was for $3000.00.

The contention of appellant is that the contractual relationship between it and appellee is that of guarantor for the payment of goods, wares and merchandise sold to Home Beautifiers, Inc., on its own credit, pursuant to a letter signed by appellant and

mailed to appellee. The text of the letter is as follows:

"July 3, 1957
General Electric Company
New Orleans, Louisiana

Gentlemen: Re: HOME BEAUTI-
FIERS, INC.

With reference to the above account, we have been requested by you to verify the fact that HOME BEAUTIFIERS, INC., is an affiliate Company of Crawford-Whiting, Inc. The majority stock of HOME BEAUTIFIERS, INC., is controlled by the majority stock of CRAWFORD-WHITING, INC., hence, the credit of CRAWFORD-WHITING, INC., will stand behind the credit of HOME BEAUTIFIERS, INC., until such * * * (written in ink appears as the word "times") as HOME BEAUTIFIERS, INC., can build its own credit standard.

Yours very truly,

CRAWFORD-WHITING, INC.

/s/ Robert C. Whiting
Robert C. Whiting"

Appellant further contends that in order for appellee to recover on the relationship created by the parties to this suit—that of guarantor—appellee should have predicated its suit on special assumpsit and not on a common count as it did.

■ Received in evidence is letter dated July 31, 1959, from plaintiff to defendant as follows:

"July 31, 1959
Mr. Robert C. Whiting
Secretary-Treasurer
Crawford-Whiting, Inc.
805 Spring Hill Avenue
Mobile, Alabama

Dear Mr. Whiting:

This is in reference to your recent letter regarding the account of Home Beautifiers, Inc. You were advised under date of December 4, 1958, that an installment liquidation of the past due account of Home Beautifiers, Inc., was unsatisfactory, since the extension of credit to this firm was based solely on the fact that Crawford-Whiting, Inc., had acted as guarantor for the obligations incurred by Home Beautifiers, Inc.

On February 12, 1959, a letter was directed to you from M. A. Marsal, Attorney, advising you of our intentions in this matter. To my knowledge, filing of this suit was not in error. Since Mr. Marsal is handling this matter, I would suggest that you contact him there in Mobile. His address is 505 First Nat'l Bank, Mobile, Alabama.

Yours very truly,

/s/ F. W. Embree
F. W. Embree
Manager—Operations."

Plaintiff's credit manager, Fred J. Smith, testified, in response to a question by the court, as follows:

"The credit was extended to Home Beautifiers on the basis of Crawford-Whiting's agreement to pay the account—to stand behind the account."

We think the above correspondence, together with the evidence aforequoted, shows that the defendant was committed to plaintiff by a contract of guaranty rather than by a direct obligation for payment of the debt for the merchandise sold and shipped to Home Beautifiers, Inc.

The facts in the cases cited by appellee, which we have read, may be distinguished from those here presented. In the case of J. Zimmern's Co. v. Granade, 212 Ala. 172, 102 So. 210, plaintiff withdrew credit from Chatom Mill Company, but did extend credit to defendant when he gave his personal guarantee that he would pay for the merchandise shipped to the mill company. The promise was direct, not collateral. In Park-Robertson Hardware Co. v. Copeland, 11

Ala.App. 447, 66 So. 880(7, 8), the agreement amounted in effect to an assignment of the money Copeland owed the contractor, who was obligated to build the houses for which plaintiff furnished some materials on the basis of the assignment.

In the case at bar, as we have pointed out, credit to Home Beautifiers was not withdrawn, but extended, according to the evidence, when defendant guaranteed payment of the account. The fact that the merchandise was subsequently billed to Home Beautifiers, Inc., is not conclusive that credit was extended to this company, but may be considered along with the other evidence as a circumstance of the credit relationship between plaintiff and Home Beautifiers, Inc.

Inasmuch as the contract between the plaintiff and defendant was a collateral promise on the part of defendant to answer for the debt of Home Beautifiers, Inc., recovery, as here, cannot be had on the common count, but action for such recovery must be in special assumpsit on the contract of guaranty. Robinson v. Solomon Bros. Co., 229 Ala. 137, 155 So. 553(2), which cites with approval the cases of Park-Robertson Hardware Co. v. Copeland, 11 Ala.App. 447, 66 So. 880(3); Smith v. McGehee, 14 Ala. 404(2); Walker v. Forbes, 25 Ala. 139(4), 149, 60 Am.Dec. 498.

The judgment of the trial court is due to be reversed and the cause remanded for amendment of the complaint, and for such further proceedings thereon as the plaintiff desires and the law authorizes. We neither approve nor disapprove the legal aspect of an amendment, but withhold comment with respect thereto.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, MERRILL and COLEMAN, JJ., concur.