## BLOUNT *vs.* HAWKINS.

1. A promise made by the surety on a replevy bond, executed for the forthcoming of property levied on under attachment, to the plaintiff in attachment, that if he will dismiss the suit, he, the surety, will pay the debt, is an original undertaking, and is not within the statute of frauds.

ERROR to the Circuit Court of Barbour. Tried before the Hon. Geo. Goldthwaite.

SAYRE, for plaintiff in error.

BUFORD, *contra:*

DARGAN, C. J.—The plaintiff below sued out an attachment against Lunsford, for a debt of ninety-two dollars, which was levied on a mare as the property of the debtor. The defendant in that suit executed a replevy bond, in which the defendant in this suit, Blount, joined as security ; after this Blount agreed with the plaintiff, that if he would dismiss the attachment suit, he, Blount, would pay the debt. The suit was dismissed, and this action is brought against Blount on this promise, and the only question is, whether it comes within the influence of the statute of frauds.

I think I can safely say, that all the authorities agree in this, that if the promise be supported by a new consideration, beneficial to the promisor and moving from the promisee, then it is considered an original undertaking on the part of the promisor, and is not within the statute of frauds.—McKenzie v. Jackson, 4 Ala. 230 ; Brown v. Barnes, 6 Ala. 694 ; Leonard v. Vrendenbergh, 8 Johns. 23 ; 10 Johns. 412 ; Nelson v. Boynton, 3 Metc. 396, and the cases there cited.

There is however, a conflict between the decisions, whether a promise made, to pay an existing debt of another, founded only on a prejudice or injury to the promisee, and without benefit to the promisor, can be enforced as an original promise. But we do not think it necessary in this case to examine these decisions, or to decide, whether injury alone to the promisee will be such a consideration as to support the promise ; for we think that the

consideration upon which the promise was made in the case before us was not only injurious to the promisee, but also beneficial to the promisor. It was injurious to the plaintiff in this, that on account of this promise, he dismissed his suit commenced by attachment, which had been levied upon, and created a lien on property belonging to the original debtor, Lunsford. It was beneficial to the defendant, inasmuch as the dismissal of this suit discharged him from his liability as surety on the forthcoming bond, executed by Lunsford and himself, and we apprehend there can be no doubt that the promise must be enforced, when the consideration is not only an injury to the promisee, but also beneficial to the promisor.

Let the judgment be affirmed.