## BURDEN *vs.* THE MAYOR, ALDERMEN, &c., OF MOBILE.

1. In an action to recover damages for diverting water from the plaintiff's mill, the declaration or statement of the cause of action is demurrable, if it does not show that by such diversion the quantity of water that continued to flow to the mill was insufficient, or that the plaintiff or his mill was thereby injured.

2. Where, the damages claimed being less than twenty dollars, the action is commenced before a justice of the peace, and removed by appeal to the Circuit Court, and the plaintiff there files a statement of his cause of action, to which a demurrer is interposed and sustained, and the plaintiff refuses to amend, the court may render judgment for the defendant, unless the plaintiff offers to try the cause on its merits without any issue in writing.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. L. GIBBONS.

This suit was commenced by Burden before a justice of the peace, to recover damages from the defendants for diverting the water from the plaintiff's mill, the damages claimed in the warrant being less than twenty dollars. Judgment was rendered in favor of the plaintiff, and the defendants removed the case, by appeal, into the Circuit Court. The plaintiff there filed a statement in writing, to which the defendant demurred, and his demurrer was sustained. The plaintiff refused to amend his statement, though informed by the court that he might do so; and thereupon judgment was rendered

in favor of the defendants, from which a writ of error is brought to this court.

PHILLIPS, for plaintiff in error:

By the statute on appeals from a justice, the case is to be tried without regarding any defect in the warrant, *capias*, summons, or other proceedings.

A demurrer to a statement is not allowed. Perry v. Brown, Minor 56; Hart v. Turk, 14 Ala. 676; 15 ib. 471.

The same strictness of pleading is not required. Morrison v. Morrison, 3 Stew. 447; Hanks v. Hinson, 4 Port. 509.

It is not necessary, when the amount does not exceed $20, to make up an issue upon paper. Harbin v. Knox, 6 Ala. 675.

The case in 1 Ala., referred to in Copeland v. Flowers, was upon the point of jurisdiction. If the court is to extend it, and permit it to extend to all cases of defect, then the whole series of decisions is overruled; and the same technicality will be required as is called for by the strict rules of pleading.

But it is insisted that the counts are good according to strict law.

CAMPBELL, *contra:*

1. The plaintiff below filed a statement of his cause of action, as he was authorized to do. The court might have tried the case without a statement, but the plaintiff chose to tender one.

2. That statement contains no cause of action. It only complains that the defendants diverted large quantities of water from the plaintiff's mill; but this is no wrong, unless the mill was thereby deprived of a sufficient quantity of water. 2 Barn. & Cress., 910; 6 Porter 472. The statement being defective, a demurrer would lie to it. Copeland v. Flowers, at present term.

DARGAN, C. J.—We think it very clear that the statement shows no cause of action; for, though it is alleged that the defendants turned and diverted large quantities of water from the plaintiff's mill, it is not shown that he was injured

thereby, or that by such diversion of the water, the quantity that continued to flow to the mill was insufficient, or that the mill was in anywise injured thereby. The authorities referred to by the defendant's counsel fully show, that the water of a running stream may be diverted, if the quantity taken from the stream be not so great as to injure others who have a right to its use. 2 Barn. & Cress. 908; 6 Porter 472.

But it is contended, that as the amount sued for is not over twenty dollars, the court should not have given judgment for the defendant because the plaintiff refused to amend his statement, but should have proceeded to try the cause on its merits, without any issue in writing. I should be inclined to hold that this would be proper practice, inasmuch as no issue is required to be made in cases of appeals from justices of the peace, when the sum claimed is not over twenty dollars.

But the court, however, think that, inasmuch as the plaintiff saw proper to set forth his cause of action in writing, which failed to show a legal liability, that he should either have amended it, or have offered to introduce his evidence and try the cause on its merits, without an issue; and as he refused to amend, and the record does not show that he offered to introduce proof and go to trial without an issue, that the court did not err in rendering a judgment for the defendants. As this difference of opinion, however, is on a mere point of practice, I yield my own to the opinion of the court, and hold that, as the plaintiff refused to amend his statement, he should have offered to go to trial without one, in order to show that the court erred.

Let the judgment be affirmed.