## RAGLAND & HOWELL vs. WYNN'S ADM'R.

[ACTION ON COMMON MONEY COUNTS.]

1. *Statute of frauds; promise to pay debt of another.*—A decree having been rendered against a sheriff and the sureties on his official bond, on final settlement of his accounts as administrator *virtute officii,* a verbal promise by the sureties, made to the plaintiff in the decree, that they would pay an item of costs which, by mistake, had not been taxed, in consideration that he would allow a credit on the decree, which, as they contended, had been rendered for more than was justly due,—is an original undertaking, founded on a new consideration, and is not within the statute of frauds.
2. *Judicial notice of sheriff's term of office.*—The supreme court will take judicial notice of the time when a sheriff's term of office expired.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Henry McClellen, as admin-

istrator *de bonis non* of the estate of Mary Wynn, deceased, against George L. Ragland and Reese Howell, and was commenced in a justice's court. In the circuit court, on appeal from the justice's judgment, the defendants " waived a statement in writing by the plaintiff, and the plaintiff consented that the defendants might prove everything as if specially pleaded." The plaintiff himself was examined as a witness under the statute, (Code, § 2313,) and testified as follows : "Solomon Spence had been sheriff of Talladega county, and, by virtue of his office as sheriff, had been administrator of the estate of Mary Wynn, deceased ; and the defendants were the sureties on his official bond as sheriff. The plaintiff was afterwards appointed administrator *de bonis non* of said estate, and commenced proceedings against said Spence and his sureties, in the probate court of Talladega, for a settlement of said estate ; and obtained a decree against said Spence and the defendants, for $155 85. In taxing the costs in said proceedings, the probate court omitted to tax the printer's fee, amounting to about $35; and plaintiff called on him to re-tax the costs, so as to include that item ; but the judge advised him to see the defendants, as he thought they would settle without a rule. Plaintiff then called on defendants, who said they would not settle said costs ; contending that the decree against them as the sureties of said Spence had been rendered for too much by fifty dollars, and that Spence was entitled to a credit for that amount. Plaintiff then proposed to allow them a credit of fifty dollars on said decree, if they would pay him the printer's fee. They at first refused, but afterwards agreed to it, and told plaintiff to instruct his attorney as to the terms on which they had settled. Plaintiff accordingly instructed his attorneys to enter the credit of fifty dollars on said decree, and it was entered according to said understanding ; but the defendants had not paid said printer's fee." The plaintiff then introduced one of his attorneys as a witness, who, after stating the proceedings had against Spence and his sureties in the probate court, and that an execution on

the decree " went into the hands of Lawson, the sheriff,"
testified as follows : "Defendants, with the sheriff, came to
my office, and said, (one or both, the other being present,)
that they had agreed with plaintiff, if he would allow a
certain credit to go on the probate decree, that they would
pay up the remainder and settle the suit. I do not know
that the subject of costs was mentioned at all ; but my
understanding at the time was, that the defendants were
to pay all the costs of the proceedings. With this under-
standing, and the further statement by the defendants that,
if there was anything wrong about the matter, it would be
corrected when the plaintiff came to town, I signed the
receipt on the execution, as attorney for the plaintiff. I
received the money, and afterwards, paid it to my partner,
who settled with the plaintiff." The probate judge, by
whom the decree was rendered, was also examined as a
witness on the part of the plaintiff, and testified, "that the
printer's fee in the case was $34, and that it had not been
taxed in the bill of costs."

This being all the evidence in the case, the court refused
to charge the jury, at the instance of the defendants, that
if the defendants' promise was not in writing, they could
not find for the plaintiff ; and instructed them that, if they
believed the evidence, they must find for the plaintiff.
The defendants excepted to the charge given, and to the
refusal of the charge asked; and they here assign the same
as error.

L. E. PARSONS, for the appellant.
JAS. B. MARTIN, contra.

R. W. WALKER, J.—The promise of the defendants,
being founded on a new consideration, beneficial to the
promisor, was an original undertaking, and not within the
statute of frauds.—*Martin v. Black*, 21 Ala. 309 ; *Blount v.*
*Hawkins*, 19 Ala. 100.

[2.] The bill of exceptions does not expressly state that
the agreement between the parties was made, and the

·decree credited in pursuance of it, before the commencement of this suit.    But it is shown·that these transactions ·occurred while Lawson was sheriff of Talladega county ; ·and we judicially know ' that he ceased to be such sheriff in 1854, nearly.two years before this suit was instituted.

We think that the evidence set out in the bill of exceptions shows a valid contract, and its breach, and that the ·court did not err in the charge given.

Judgment. affirmed..