# Elrod Lumber Co. v. Moore.

## *Assumpsit.*

(Decided December 18, 1913.   Rehearing denied May 14, 1914.
65 South. 175.)

1. *Assumpsit; Common Count; Executory Contract.*—Where plaintiff shows only a right to damages for a breach by defendant of an executory contract he fails to make out a case, and cannot recover under the common count.

2. *Contracts; Action On; Pleading.*—Where nothing remains to be done by the parties under an express contract but the payment of the money, the one to whom the money is due may maintain an action against a debtor by declaring either on a specialty under the agreement or on the common count; if the suit is for damages for a breach of an express contract, plaintiff must declare specially on the contract and aver the breach thereof.

3. *Same; Action; Defense.*—Where a plaintiff sued on the common count for an amount alleged to be due under the terms of an express contract, the form of action did not cut off any defense which defendant might have had, if the contract had been specially declared on; the defendant being entitled to plead the general issue, and also recoupment under which he may show not only that plaintiff had breached the contract under which the cause of action arose, but that defendant had been damaged by reason thereof.

4. *Same; Special Pleas; Burden of Proof.*—Where the action was to recover an amount due on a contract and defendant filed a special plea, alleging that the basis of plaintiff's right to recover was a special contract plaintiff had breached, defendant had the burden to show not only the breach, but the damages resulting to him therefrom.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

[Elrod Lumber Co. v. Moore.]

Assumpsit by J. H. Moore against the Elrod Lumber Company. Defended under the plea of general issue and recoupment. Judgment for plaintiff and defendant appeals. Affirmed.

J. M. HOLLEY, GEORGE E. SMOOT, and RUSHTON, WILLIAMS & CRENSHAW, for appellant. A recovery cannot be had on the common counts on proof of an express contract unless it has been shown that the contract has been completed, and nothing remains to be done but the payment of the price in money.—*Beadle v. Graham*, 66 Ala. 101; *Jonas v. King*, 81 Ala. 218; *Woodrow v. Hawving*, 105 Ala. 245; *Stafford v. Sibley*, 106 Ala. 191; *Abercrombie·v. Vandiver*, 126 Ala. 532; *Martin v. Massie*, 127 Ala. 511. Under the circumstances of this case part payment is not an acceptance but an acquiesence only to the extent of the payment.— *Arnes v. Windham*, 137 Ala. 513; *Connoly v. Harold*, 62 South 511.

FRANK W. LULL, and EUGENE BALLARD, for appellee. The effect of defendant's plea was simply to deny that plaintiff had performed his contract.—*Montgomery County v. Pruitt*, 175 Ala. 395. Having filed the pleas defendant is required to prove them with the same certainty that plaintiff would have been required in order to make out his case.—*Lawton v. Rickets*, 104 Ala. 430. As to the meaning of "to keep and maintain" see 5 Words & Phrases, 3277. The bill of exceptions is construed most strongly against the party excepting. —*Dudley v. Chilton County*, 66 Ala. 593.

DE GRAFFENRIED, J.—This action was on the common counts. There was a plea of the general issue and also certain special pleas of recoupment. The pleas in recoupment set·up that the cause of action arose upon

certain express agreements which the plaintiff breached. They alleged that the defendant suffered damages on account of the alleged breach of said agreement by the plaintiff in sums greater than the amount sued for by the plaintiff, and prayed judgment against the plaintiff for the excess.

1. The real bone of contention between the parties was whether the defendant (appellant here) owed the plaintiff (appellee here) anything on an account.

There were some written contracts between the parties, whereby, the plaintiff agreed to sell the defendant certain property, to perform certain labor for, and to furnish certain teams to, the defendant. The plaintiff's insistence was that he had performed his agreements, that the defendant owed him the money sued for, as the balance remaining unpaid for the services rendered and the property sold under said agreement, and that all that remained to be done under said contract was the payment by the defendant to the plaintiff of the sum so due the plaintiff by the defendant. The defendant, on the contrary, claimed that the plaintiff had not performed his contract, but had breached it, and that the defendant not only did not owe the plaintiff anything, but that the plaintiff, having damaged the defendant by reason of the breach of the contract, was really indebted to the defendant.

We direct attention to the fact that in this case the plaintiff sued the defendant, *not for damages for a breach of an express agreement,* but for money which he claimed to be due him for services performed for, and property sold to, the defendant, *under the terms* of express agreements. The *defendant,* in its pleas, on the other hand, set up a breach by the plaintiff of the agreements, not only as a complete defense to the action, but as a basis upon which to recoup a claimed excess due by the plaintiff.

2. When money is due under the terms of an express contract, and *nothing,* under that contract, remains to be done by the parties to it but the payment of a sum of money, then the party to whom the money is due may maintain an action upon the common counts against the debtor for the money so due. In such a case the plaintiff may either declare specially upon the agreement, or he may sue, as stated, upon the common counts. If, on the other hand, the suit is for *damages* for the *breach* by the *defendant* of an express contract, the plaintiff *must* declare *specially* upon the *contract,* and must aver the breach by the defendant of the contract.—*Beadle v. Graham's Adm'r,* 66 Ala. 101; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Abercrombie & Williams, v. Vandiver,* 126 Ala. 532, 28 South. 491.

The above, of course, relates to the form of the plaintiff's action and his rights under the form which he sees proper to adopt. It has nothing whatever to do with the character of the defense which the defendant may make to the action, no matter what form the plaintiff may see proper to adopt. Of course, if a plaintiff sees proper to sue upon the common counts, and he shows *only a right to damages* for a breach by the defendant of the terms of an executory contract, the plaintiff simply fails to make out his case and cannot recover.—*Beadle v. Graham's Adm'r, supra.*

3. Where a plaintiff sues upon the common counts, and the amount involved is the sum which the plaintiff claims to be due him by the defendant under the terms of an express contract, the *form of* the action does not cut from the defendant any defense which he might have made to the suit if the contract had been specially declared upon.—*Woodrow v. Hawving, supra.*

The defendant in this case, therefore, was properly allowed to file, not only a plea of the general issue, but

also his pleas of recoupment, whereby he undertook to show, not only that the plaintiff breached the contracts under which the cause of action arose, but also that the defendant was damaged by reason of such breaches.—*Woodrow v. Hauwing, supra.*

In the instant case, as we understand the evidence and its tendencies, the contracts between the parties were at an end. The only questions were whether the defendant owed the plaintiff any money by reason of the dealings of the parties with each other under the terms of said contracts, and whether, during their course of dealing with each other, there were breaches of said contracts by the plaintiff, and, if so, the amount of the defendant's damages. These were matters, under the law, the pleadings, and the evidence, which were the subject of legitimate inquiry.—*Woodrow v. Harving, supra.*

4. The law casts the burden upon every defendant who files a special plea in bar of the plaintiff's right of recovery to establish, by evidence, to the reasonable satisfaction of the jury, the fact set up in the special plea. In the instant case *one* of the facts set up in each special plea of the defendant was that the basis of the plaintiff's righth of recovery was a special contract which the plaintiff had *breached*. The court, therefore, properly charged the jury that, to establish these special pleas, the *law* cast the burden upon the defendant to show, to the reasonable satisfaction of the jury, by evidence, that the plaintiff had committed the *breaches* complained of, and as, in said pleas, the defendant claimed that the plaintiff had damaged him by reason of such breaches, the amount of such damages. These pleas were in fact countersuits by the defendant against the plaintiff, and of course the law cast upon the defendant the burden of establishing, to the reasonable satisfaction of the jury, the *breadhes* of the contract set up

in said pleas.—*O'Neal v. Curry,* 134 Ala. 216, 32 South. 697.

It must be remembered that in this suit the contracts were not sued upon by the plaintiff. This, as already stated, was an action upon the common counts, and the contracts were simply *evidential* of the plaintiff's right of recovery. The defendant's special pleas, on the other hand, were in effect, *declarations* by the defendant against the plaintiff upon said contracts, and we think it plain that the law as well as the pleadings cast the burden, in this form of action, upon the defendant just as the trial judge stated the law to the jury in his oral charge.—*Woodrow v. Hawving, supra.*

The true rule, as we understand the rule, covering cases like the present, is contained in the following from Collier, C. J., in *Hunter v. Waldron,* 7 Ala. 753: "The general rule may be thus stated, where the terms of a special unsealed agreement have been performed by the plaintiff, so that only a duty to pay the money remains, indebtitatus assumpsit will lie. But, where the contract is still open, or is to be performed in future, the count must be framed on the contract. See the cases collected in 1 Metc. & P. Dig. 275, §§ 184, 185; *Sykes v. Summerel,* 2 Browne (Pa.) 225; *Wellington v. West Boylston,* 4 Pick. (Mass.) 101. We have seen that the plaintiff has so performed his contract as to entitle him to recover, and there can be no doubt that indebtitatus assumpsit is the proper form of declaring. If the defendant has been injured by the imperfect performance, the damages may be recouped so as to compensate him therefor."

In *this* case the defendant claimed an *imperfect* performance by the plaintiff of some of his contracts, and, this being true, the burden was on the defendant to

show wherein the contract was imperfectly performed, and the *extent* of the damages suffered thereby.

5. The appellant, in his bill of exceptions, has properly raised for our consideration every question which he had in his case. In it he has not undertaken to set out *all* the evidence, but (except certain vital parts of it) only all of its tendencies. While, in our opinion, the law is against his contentions, he has, through his bill of exceptions, in a concise way, raised his points, and we deem it not inappropriate to commend him for the manner in which he has presented his case to us.

6. We have given careful consideration to this case, and we find that the trial judge committed no error during the trial. The judgment of the court below is therefore affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.