(110 So. 715)

**SOUTHERN FUEL CO. v. SOUTHERN RY. CO.** (6 Div. 708.)

(Supreme Court of Alabama. Dec. 16, 1926.)

**1. Sales ⬅➡378—Plea of amended contract to take entire output in quantities designated by buyer and payment for all delivered held not demurrable.**

In action for breach of contract to accept and pay for not less than 2,000 tons of coal monthly, special plea setting up amendment or modification of contract by provisions binding defendant to take entire output of plaintiff's mine, to be delivered in quantities designated by defendant, and compliance with amended contract by paying for all coal delivered, *held* not demurrable, as increasing amount to be taken, or not negativing defendant's obligation to take minimum amount provided for in original contract, not because of blank spaces in contract for estimated monthly output; such modification rendering contract unilateral, so as to entitle plaintiff to recover for only so much coal as defendant accepted.

**2. Sales ⬅➡89—Amended contract to take entire output in quantities designated by buyer, instead of minimum monthly quantity, held not bad for not expressing consideration.**

Contract amending contract to accept and pay for not less than 2,000 tons of coal monthly, by substituting provisions binding buyer to take entire output of seller's mine, to be delivered in quantities designated by buyer, *held* not bad for failure to express consideration; written executory contract being subject to modification by subsequent agreement founded on no other consideration than parties' mutual consent.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by the Southern Fuel Company against the Southern Railway Company. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Affirmed.

The suit is for breach of a contract. The breach alleged is that the contract required defendant to accept and pay for not less than 2,000 tons of coal each month during the term of the contract, and that defendant only accepted and paid for tonnage less than required; the amounts per month being therein specified.

Plea 8 is as follows:

"8. For further answer defendant says that the contract sued on was amended by agreement of the parties hereto on the 28th day of October, 1920, said amendment being in words and figures as follows:

" 'Amendment to Contract of July 1, 1920, between the Southern Fuel Company, and the Southern Railway Company

" 'The Southern Fuel Company and Southern Railway Company parties to a coal contract of July 1, 1920, date, do hereby amend said contract in the following particulars:

" 'The contract of 1st day of July, 1920, under the heading "Quantity," provides: "Quantity. Each month not less than 2,000 tons, and not more than 2,500 tons"—and is amended to read: "Quantity. The entire output of seller's mine, it being understood that the entire output will each month approximate, subject to conditions hereinafter named, not less than —— tons and not more than —— tons."

" 'The said contract, under the heading "Delivery," provides: "Delivery. The fuel coal covered by this contract shall be delivered by seller f. o. b. cars at the mine, and in such quantities within the contract as may be designated by the buyer, it being understood that such shipments will be called for as nearly as practicable in equal daily quantities, Sundays and legal holidays excepted, and seller agrees to make full shipments each day to the extent of car supply before any other shipments are made."

" ' "Delivery. The fuel coal covered by this contract shall be delivered by seller f. o. b. cars at the mines, and in such quantities within the contract as may be designated by the buyer, provided the entire output is taken, as herein specified, it being understood that such shipments will be called for as nearly as practicable in equal daily quantities, Sunday and legal holidays excepted, and seller agrees to make full shipments each day to the extent of car supply before any other shipments are made."

" 'In all other respects said contract of —— date remains in full force and effect.

" 'In witness whereof, the parties hereto

have caused this amendment to be executed in duplicate, this the 28th day of October, 1920. Southern Fuel Company, by J. S. Freeman, Mgr. Southern Railway Company, by R. B. Pegram, Vice President. In the presence of W. A. George, S. Kirkwood, 'E. G. Goodwin, Hugh C. Couch.' "

"For further answer defendant says that the defendant bought and paid for all fuel coal covered by said contract that was delivered to it by the plaintiff f. o. b. cars at the mines."

Plaintiff demurred to plea 8 upon these grounds:

(1) The effect of the amendment to the contract set up in said plea is to increase, instead of decrease, the amount of coal to be taken by the defendant.

(2) For aught that appears in said plea, the defendant was bound to take the minimum amount of coal provided for in the contract sued on.

(3) Said amendment to the contract set out in this plea is not binding on the plaintiff, because it is not supported by a valuable consideration.

(4) Said amendment to the contract is void on account of two blanks left in same.

J. D. Acuff and R. A. Cooner, both of Jasper, for appellant.

The contract sued on is valid and binding. McIntyre L. & E. Co. v. Jackson L. Co., 165 Ala. 268, 51 So. 767, 138 Am. St. Rep. 66; Pratt Con. Coal Co. v. Short, 191 Ala. 378, 68 So. 63; Pullman Co. v. Meyer, 195 Ala. 397, 70 So. 763; Jones v. Lanier, 198 Ala. 363, 73 So. 535; Lively v. Robbins, 39 Ala. 461. As to the effect of blanks in a contract, see 13 C. J. 308. The party who is prevented by the other party from performing, may treat the contract as broken and recover whatever damages he may have sustained as if he had performed. 13 C. J. 469; Tutwiler v. Burns, 160 Ala. 386, 49 So. 455; Wagar Co. v. Sullivan Co., 120 Ala. 558, 24 So. 949.

Bankhead & Bankhead, of Jasper, for appellee.

The contract is wanting in mutuality, in that the seller was not legally obligated to mine or produce, and defendant is not liable for causing production to be stopped. Lucas E. Moore Stave Co. v. Kennedy, 212 Ala. 193, 101 So. 894; Kenan, McKay & Spier v. Home Fertilizer Co., 202 Ala. 29, 79 So. 367; Jones v. Lanier, 198 Ala. 363, 73 So. 535; McIntyre Co. v. Jackson Co., 165 Ala. 268, 51 So. 767, 138 Am. St. Rep. 66; Lucas E. Moore Stave Co. v. Woodley, 213 Ala. 570, 105 So. 878.

ANDERSON, C. J. [1] Defendant's special plea 8 was not subject to the plaintiff's demurrer thereto. It set up an amendment or modification of the original contract as set forth in the complaint, and a compliance therewith so far as it was binding upon the defendant, that is, payment for all the coal that was delivered, and the modification as set out in said plea rendered the contract unilateral, that is, wanting in mutuality, in that the plaintiff was not thereby bound or obligated to mine any particular quantity of coal or any at all for that matter. The defendant was bound to take the output of the mine, but no duty thereunder rested upon the plaintiff to operate the mine, and the defendant had no right to compel it to do so, or maintain an action for a failure to operate the mine. Therefore the plaintiff could not maintain an action against the defendant for a refusal or failure to take the coal, and could recover for only so much of the coal as the defendant accepted, and which the plea avers was paid for by the defendant. This amended contract falls squarely under the influence of Moore v. Kennedy, 212 Ala. 193, 101 So. 894; Jones v. Lanier, 198 Ala. 363, 73 So. 535. True, it required the plaintiff to deliver the cars of coal as required by the defendant, but that, of course, meant after the coal was mined and ready for delivery, and did not require the plaintiff to operate the mine.

[2] Nor was the amended contract bad as for a failure to express a consideration. The written executory contract was subject to modification or alteration by the subsequent agreement of the parties, if founded upon no other consideration than the mutual consent of the parties. Elliott v. Howison, 146 Ala. 568, 40 So. 1018; Robinson v. Bullock, 66 Ala. 548. None of the cases cited by appellant's counsel are in conflict with this holding or the authorities here cited.

The plaintiff's special replications to the defendant's plea 8 are so manifestly without merit that a discussion of same can serve no good purpose.

The judgment of the circuit court is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.