(137 So. 440)

## TILLERY v. PRICE.
### 6 Div. 941.

Supreme Court of Alabama.
Nov. 5, 1931.

E. L. Dodson and H. L. Findley, both of Tuscaloosa, for appellant.

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellee.

THOMAS, J.

The suit was for balance alleged to be due for services while in defendant's employ. The pleas were set-off and in short by consent, with leave to give in evidence any matter of special defense. The judgment was for plaintiff.

The issues of fact, being disputed, were for the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. Appellee's counsel, in his history of the case, detailed the several steps in proceeding to judgment that extended from 1925 to 1931, when the cause was submitted in the Court of Appeals and transferred to this court. However that may be, we will consider the several assignments of error insisted upon by appellant.

Where nothing remains to be done except payment of money, a suit may be maintained upon a promise under the common counts. Park-Robertson Hardware Co. v. Copeland, 11 Ala. App. 447, 453, 66 So. 880. In Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538, the suit was rested solely on contract.

The evidence showed there was nothing left to be done but payment of the sum due on account of plaintiff's contract of employment by defendant; that the duration and execution thereof had ended; that there was no necessity for declaration specially; but that recovery may be had under the common counts on both items.

Appellant's counsel begin their argument by urging the assignment of error—in overruling defendant's motion for a new trial

—on the ground that the verdict "is based upon pure speculation and is otherwise unsupported by the testimony." The plaintiff, having testified that defendant had employed him at $150 per month, room, washing, expenses, and everything, and that he had worked twenty-two months, was asked how much he (plaintiff) owed him for merchandise and attorneys' fees "during the year 1923," and answered $917; and for the year 1924 replied $748. In this there was no error; it was a material and competent statement of facts under the common counts.

■ The inquiry as to plaintiff's mother owning land in Dallas county was preliminary to the inquiry of fact of its conveyance to defendant, thence to Little, and the former's balance of indebtedness therefor. In this there was no error when plaintiff's right to that balance, transferred to him by his mother, was established by the evidence. And, when the several items of debit and credit as to payment and set-off by and of the respective parties are considered, there was ample evidence to sustain the verdict of the jury. The triors of fact had the benefit of the oral testimony of the witness; no doubt understood the several contentions, payments, and set-off of the parties as they affected plaintiff's claim and suit; and under such controverted facts declared the result within the issues and evidence, and under the rules prevailing should not be disturbed.

The transfer and assignment of the land claim to plaintiff was in evidence, and as follows:

"Tuscaloosa, Alabama. November ——, 1925.
"For Value Received, I hereby sell, transfer, set over and assign to Andrew M. Price my account against J. T. Tillery for all balance due by the said Tillery to me on account of the proceeds of the sale of my homestead in Dallas County, Alabama.
                    "Mrs. W. M. Price
"Witness:
    "S. C. Price."

There was no error in the trial court instructing the jury as to the several claims or items of account and balance, if any, due on the purchase of the land from plaintiff's mother; also the items for work and labor done, payments, and attorneys' fees paid for plaintiff's benefit. When the whole of the oral charge is considered, we find no error therein, and the several controverted issues of fact were fully and fairly presented to the jury.

We have examined the record as to the remarks of the court to counsel, as to the right of the court to interrogate the witness and to prevent repetition of evidence, and find no reversible error.

Finding no reversible error, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.