142 So. 825

**STANDARD LUMBER CO. v. HOSMER.**

6 Div. 185.

Supreme Court of Alabama.
June 25, 1932.

Jim Gibson, of Birmingham, for appellee.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

**ANDERSON, C. J.**

This case was submitted to the jury upon the fourth count alone, which was for work and labor done by the plaintiff for the defendant. Under this count the plaintiff was entitled to recover as for any commissions due him for lumber sold and collected for by the defendant, less, of course, any advances or payments previously made him by the defendant.

As to the plaintiff's right to recover for profits on lumber not shipped and sold under the Chesapeake & Ohio Railway Company order, a different question arises. It is, of course, the rule that when money is due under an express contract and nothing remains to be done by the parties to it but the payment of a sum of money, the party to whom the money is due may maintain an action upon the common counts against the debtor for the money so due. In such a case, the plaintiff may either declare specially upon the agreement, or he may sue, as stated, upon the common counts. If, on the other hand, the suit is for damages for the breach by the defendant of an express contract, the plaintiff must declare specially upon the contract and must aver the breach by the defendant of the

contract. Elrod Lumber Co. v. Moore, 186 Ala. 430, 65 So. 175, and cases cited. Therefore, if this plaintiff had any cause of action as for his profits which would have been made had the defendant filled the entire order of the Chesapeake & Ohio Railway, his remedy was for a breach of the contract. Regardless of what the original agreement of the parties was, as to the duty of the plaintiff to purchase or assist in purchasing lumber to fill orders secured by him, it is uncontroverted that when negotiating this order of the Chesapeake & Ohio Railway, and when accepted by the defendant, it was understood that the plaintiff was to purchase or assist in securing the lumber to fill said order. The proof shows, at best, only a partial effort to comply with this part of the contract by the plaintiff, his excuse being that the defendant failed to pay his expenses, but which the defendant claims were to be borne by him. At most, the contract had not become executed by the plaintiff so as to maintain an action upon the common counts as to the defendant's unearned profits.

The case of Navco Hardwood Co. v. Becks, 222 Ala. 631, 134 So. 4, was for profits earned and due the plaintiff prior to his discharge, and the court properly held that he could recover under the common counts.

Moreover, the contract with the Chesapeake & Ohio Railway to fill the order was unilateral. That is, was wanting in mutuality, as the defendant, the Standard Company, was under no legal duty to fill the order. The railroad company was obligated to take the installment shipments if made when provided, but if not so made, had the right to cancel the order, but with no right to a cause of action as for a breach of the contract by the Standard Company. In other words, the Standard Company had the option of filling the order as provided, and, if doing so, the railroad company was bound to accept, but if the Standard Company could not or did not fill the order, it incurred no legal liability or responsibility. Southern Fuel Co. v. Southern Ry. Co., 215 Ala. 355, 110 So. 715, and cases cited. The plaintiff not only knew the nature of the contract, but negotiated for the order and informed the defendant, before the same was accepted, that the only thing it could suffer, if it could not or did not fill the order, was that the railroad would cancel same and which was done. Therefore, the plaintiff knew and was chargeable with the fact that he was entitled only to the profits earned and not to what may have been earned had the entire order been filled and which the defendant was under no legal obligations to fill.

These unearned profits should not have been included in the verdict, and after resolving every controverted question in favor of the verdict it was greatly excessive, and the trial court erred in not granting the defendant's motion for a new trial, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.