143 So. 566

## ROBINSON v. SOLOMON BROS. CO.

### 5 Div. 118.

Supreme Court of Alabama.
Oct. 6, 1932.

390

Reynolds & Reynolds, of Clanton, for appellant.

Lawrence F. Gerald, of Clanton, and Sternfeld & Lobman, of Montgomery, for appellee.

ANDERSON, C. J.

This is an action upon an account stated for goods sold to the Robinson Bargain Store which at the time of said sale was owned exclusively by Mrs. W. C. Robinson, the defendant being her husband, but at the time this account was made was in no wise interested in or connected with said store. It is undisputed that, after this account was made and in March, 1930, the defendant, W. C. Robinson, took over or purchased the business and continued same, keeping his wife as an employee or agent in connection with the business. There is no question of the original nonliability of W. C. Robinson, the contention being that he assumed liability when taking charge of the business or that he, in effect, assumed the payment of this particular debt through the agency of his wife in subsequent dealings and purchases by her from plaintiff.

The defendant denied the assumption of the old or existing debts as a part of the consideration of the purchase, but the plaintiff introduced in evidence an answer made by him to an inquiry made by R. G. Dun & Co. as to the status of the business and which is as follows, to wit: " 'I took over the store on March 25, and it will continue in the same name, but I am responsible for all purchases of store since that date; Store overstocked and going to reduce stock from $30,000. to $15,000. to $20,000., and pay up all bills as fast as can move goods. (Signed) Clanton, Alabama, 4—18—30, W. C. Robinson.' He is fully reported in his individual name and for details see that report."

This was, of course, not such a promise as would place upon him an independent agreement to pay the back debts, but was, at least, a declaration by him from which an inference could be drawn that he had assumed the payment of all debts and which he would pay as soon as he reduced the stock. True, he expressly acknowledged himself responsible for all purchases since he took charge of the business, but the last part of the statement would indicate that he was to pay "all bills as fast as he can move goods." It was an evidential fact contrary to his testimony, and afforded an inference from which the court could find, the trial being without a jury, that he had assumed, in taking over the business, the payment of the outstanding bills, including his own as the consideration of purchase, and, if such was the contract between himself and his wife, it inured to the benefit of her creditors whether they were party to the contract of purchase or not, and the transaction is not governed by or forbidden by the statute of frauds. Coleman & Carroll v. Hatcher & Brannon, 77 Ala. 217; North Ala. Dev. Co. v. Short, 101 Ala. 333, 13 So. 385; Mitchell v. Hickman, 208 Ala. 344, 94 So. 284.

As above stated, the answer by the defendant, above quoted, is not relied upon as a promise to fall within the statute of frauds or governed by the case of Lindsay v. McRae, 116 Ala. 542, 22 So. 868, and other cases cited for appellant, but is an evidential fact as to the contract of purchase and created a conflict with his testimony.

This case being tried by the court without a jury and the evidence being ore tenus, or partly so, the action of the trial court in granting the new trial will not be disturbed when based on the weight of the evidence, unless the evidence plainly and palpably supports the judgment. Cobb v. Malone, 92 Ala. 630, 9 So. 738. We cannot say that the evidence so plainly and palpably supported the judgment as to put the trial court in error in setting the same aside.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.