147 So. 156

## ALABAMA POWER CO. v. CAPPS.

### 4 Div. 697.

Supreme Court of Alabama.
March 23, 1933.

Martin, Thompson, Turner & McWhorter, of Birmingham, and R. W. Miller, of Abbeville, for appellant.

O. S. Lewis, of Dothan, for appellee.

BOULDIN, Justice.

Suit on common counts to recover a balance alleged to be due for electric power furnished to operate a cotton gin during the ginning season of 1930.

Notwithstanding the service was rendered under written contract, after full performance and nothing remains but to fix the amount due under the terms of the contract, recovery may be had on the common counts. Elrod Lumber Co. v. Moore, 186 Ala. 430, 433, 65 So. 175; Navco Hardwood Co. v. Becks, 222 Ala. 631, 633, 134 So. 4.

That the contract was made with a partnership of which defendant was a member, and, as such, personally liable for the debt, does not prevent recovery on the common counts. Clark v. Jones & Brother, 87 Ala. 474, 6 So. 362.

Plaintiff, the power company, claims a balance of $81.35. The chief controversy arises from a stipulation in the contract for a minimum monthly charge of $175, for 100 H. P. installation, during the operating season. The contract further stipulated that monthly bills be rendered showing the power consumed during the month. The rate was 3 cents per K W H, fixed by the Public Service Commission.

Current was cut in and the ginning season began August 7, 1930. The first monthly statement was rendered September 18th, another October 18th, and the last October 28th, when service was discontinued under the terms of the contract for nonpayment of bills.

In the bill of October 18th, it appeared the energy consumed for the month, September 19th to October 18th, inclusive, was 5355 K W H, and an item of $14.35 was added to bring the bill to the minimum of $175 per month. Another item of $27.65 was included in the bill of October 28th, to bring it up to the minimum for 10 days or one-third of the month in which service was discontinued.

It appears that, if bills had been rendered by the calendar month, one August 7th to

**364**

September 6th, one September 7th to October 6th, and one October 7th to October 28th, the added items to bring the monthly bills to the minimum would disappear, or, at least, be more favorable to defendant.

We construe the obligation to render monthly bills to mean by the calendar month, and to have relation to the stipulation for a minimum charge during the same period, in the absence of evidence that the contract was made with reference to a known custom in that regard.

Plaintiff offered to show that the parties operated under the same contract during the ginning season of 1929, and that all bills had been rendered to the 18th of the month, and no objection had ever been made thereto.

The trial court erred in refusing this evidence, as tending to show a waiver, or an operative interpretation of the contract, which might work to the advantage of defendant the same as to the plaintiff.

The court erred in giving the affirmative charge for defendant in any event. Some of the evidence tended to show that actual consumption of energy during the period of operations, including consumption while the meter was out of order, at the stipulated price, exceeded the deposit of $500, with interest, made by the consumer as a guaranty of the payment of bills.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.