155 So. 312

## ROBINSON v. WAMPOLD-LOEB SHOE CO.
### 5 Div. 917.

Court of Appeals of Alabama.
May 8, 1934.

Rehearing Denied June 5, 1934.

Reynolds & Reynolds, of Clanton, for appellant.

Lawrence F. Gerald, of Clanton, for appellee.

BRICKEN, Presiding Judge.

Appellee sued appellant for the sum of $200 due by account. The trial below resulted in a verdict for plaintiff and judgment thereon was accordingly rendered.

Appellant assigns several grounds of error, but the main insistence appears to be (1) that the appellee (plaintiff) failed to make out a prima facie case as to the account sued upon, and (2) also failed to show the liability of this appellant.

We do not accord to either of these insistences. On the latter proposition (2), the Supreme Court it appears has determined this question in the case of Robinson (same appellant) v. Solomon Bros. Co., 225 Ala. 389, 143 So. 566. In that case, as in the case at bar, it appears the suit was upon an account for goods sold to the Robinson Bargain Store which, at the time of said sale, was owned exclusively by Mrs. W. C. Robinson, the defendant being her husband, but at the time this account was made was in nowise interested in or connected with said store. It is undisputed that, after this account was made and in March, 1930, the defendant, W. C. Robinson, took over or purchased the business and continued same, keeping his wife as an employee or agent in connection with the business. There is no question of the original nonliability of W. C. Robinson, the contention being that he assumed liability when taking charge of the business or that he, in effect, assumed the payment of this particular debt through the agency of his wife in subsequent dealings and purchases by her from plaintiff.

The defendant denied the assumption of the old or existing debts as a part of the consideration of the purchase, but the plaintiff introduced in evidence an answer made by him to an inquiry made by R. G. Dun & Co. as to the status of the business and which is as follows, to wit: "I took over the store on March 25, and it will continue in the same name, but I am responsible for all purchases of store since that date; Store overstocked and going to reduce stock from $30,000 to $15,000 to $20,000, and pay up all bills as fast as can move goods. (Signed) Clanton, Alabama, 4–18–30, W. C. Robinson."

In this connection the Supreme Court said:

"This was, of course, not such a promise as would place upon him an independent agreement to pay the back debts, but was, at least, a declaration by him from which an inference could be drawn that he had assumed the payment of all debts and which he would pay as soon as he reduced the stock. True, he expressly acknowledged himself responsible for all purchases since he took charge of the business, but the last part of the statement would indicate that he was to pay 'all bills as fast as he can move goods.' It was an evidential fact contrary to his testimony, and afforded an inference from which the court could find, the trial being without a jury, that he had assumed, in taking over the business, the payment of the outstanding bills, including his own as the consideration of purchase, and, if such was the contract between himself and his wife, it in-

ured to the benefit of her creditors whether they were party to the contract of purchase or not, and the transaction is not governed by or forbidden by the statute of frauds."

As to the remaining proposition (1), it does not appear from the record that any dispute arose upon the trial as to correctness of the account upon which this suit was based. In this connection, the plaintiff introduced in evidence a verified itemized statement of account to which up to the time of the trial no objection by affidavit or otherwise as to its correctness was interposed. If this itemized statement of account was technically insufficient under the statute, as contended by appellant, its admission in evidence could not have injured appellant as there was ample independent proof of the account to sustain the verdict of the jury and to support the judgment rendered.

We find no reversible error in any of the court's rulings including the ruling on the motion for a new trial. The judgment appealed from will, therefore, stand affirmed.

Affirmed.