155 So. 553

**ROBINSON v. SOLOMON BROS. CO.**

5 Div. 168.

Supreme Court of Alabama.

May 10, 1934.

Rehearing Denied June 28, 1934.

See, also, 225 Ala. 389, 143 So. 566.

Reynolds & Reynolds, of Clanton, for appellant.

Lawrence F. Gerald, of Clanton, and Sternfeld & Lobman, of Montgomery, for appellee.

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

FOSTER, Justice.

This is a suit on both an open and a stated account, each separately. We will consider and discuss the questions in the order presented in the brief for appellant.

■ Assignment of error No. 1 relates to the introduction in evidence of a verified itemized statement of the account. Section 7666, Code. There were numerous grounds of objection to the statement thus introduced, and counsel argue them in brief, but the bill of exceptions does not contain a ruling by the court on the objection, and of course there could then be, and there was no exception there disclosed. We cannot therefore consider the objection to the verified statement.

■ Appellant next insists that, in so far as the account contains items sold to the Robinson Bargain Store (or House), then owned and operated by the wife of defendant, before he bought the business from her, this suit based by its averments upon an account due by the defendant may not be maintained, though the evidence may show that defendant purchased the business from his wife and by the transaction agreed to pay the debts due or owing by her. Appellant contends that such an undertaking, if made by defendant, is a collateral, and not an original contract, and that the common counts are only available to recover an amount due by an original as distinguished from a collateral agreement.

The principle of law is well supported by the authorities, and would be applicable if the agreement of defendant in that respect were collateral. Smith v. McGehee, 14 Ala. 404, 409; Walker v. Forbes, 25 Ala. 139, 149, 60 Am. Dec. 498; Park-Robertson Hardware Co. v. Copeland, 11 Ala. App. 447, 66 So. 880; 5 C. J. 1383.

But we cannot agree that, when a purchaser of property contracts, as a part of his purchase price, to pay certain debts of his seller, the agreement is collateral and is like a guaranty or suretyship. On the former appeal in this case it was pointed out that, if defendant thus contracted, it inured to the benefit of the creditors in whose favor it operated, and is not governed by the statute of frauds as a promise to answer for the debt of another. Robinson v. Solomon Bros. Co., 225 Ala. 389, 143 So. 566.

The theory of the principle is that the purchaser agrees to pay his own debt in a certain way, and that, although thereby he assumes payment of the debt of his seller, he does not make a collateral undertaking, but it is an original contract based upon a new consideration. That contract is not dependent upon the original consideration between the seller and the creditor whose debt the purchaser assumes.

In addition to the cases cited on former appeal, we cite others which make the distinction clear between a collateral and original undertaking as applicable to those facts. The existence of a new consideration which in some of the cases is emphasized as that which controls is shown in others to be so because upon such consideration the purchaser engages as an original and not as a collateral undertaking, and that its collateral aspect is an indirect result only. Malone-Beal Merc. Co. v. Greer, 169 Ala. 543, 53 So. 810; Merrell v. Witherby, 120 Ala. 418, 23 So. 994, 26 So. 974, 74 Am. St. Rep. 39; Aultman & Co. v. Fletcher, 110 Ala. 452, 458, 18 So. 215; Westmoreland v. Porter, 75 Ala. 452, 458; Blount v. Hawkins, 19 Ala. 100; 27 C. J. 137, § 22.

■ It has been uniformly held that, if a contract has been completely performed, except only the payment of money by defendant to plaintiff, a complaint having only the common counts will lie. Catts v. Phillips, 217 Ala. 488, 117 So. 34; Carrico & Son v. Duval Printing Co., 219 Ala. 65, 121 So. 59; Ward v. First National Bank, 225 Ala. 10, 142 So. 93; Standard Lumber Co. v. Hosmer, 225 Ala. 321, 142 So. 825; Navco Hardwood Co. v. Becks, 222 Ala. 631, 134 So. 4; Tillery v. Price, 223 Ala. 532, 137 So. 440.

■ The two counts of this complaint claim merely for an "account." They do not specify whether for "money loaned," for "merchandise, goods and chattels sold," for "money paid," for "work and labor done," or for "money received to use of plaintiff." But the first form of the various common counts set

out in the Code claims simply "by account." Form No. 10, § 9531, Code. That form justifies a recovery under the circumstances of this case with as much or more propriety than one for "money received to use of plaintiff," which has been held to be applicable to the circumstances of this suit. Potts & Potts v. First National Bank, 102 Ala. 286, 14 So. 663; Mason v. Hall, 30 Ala. 599; Huckabee v. May, 14 Ala. 263.

That form is appropriate for the recovery of money due by contract, when the common counts are available, and there is no one of those counts more appropriate.

■ Appellant's counsel next contend that there is no sufficient evidence of a stated account. The judgment of the court did not indicate that it was rendered on a stated account, and, since the trial was had by the court without a jury, if there was sufficient evidence to support the judgment as upon an open account, this contention is not material.

Upon the authority of the opinion on the former appeal (225 Ala. 389, 143 So. 566), we think that the evidence did support such a conclusion. Defendant on the trial of the instant suit introduced no evidence.

■ Upon principles similar to that which we discussed in United States F. & G. Co. v. Benson Hardware Co., 222 Ala. 429 (16 and 17), 132 So. 622, we might concede that counsel for appellant are correct in the contention that declarations made by Mrs. Robinson, after she sold the property to defendant, not as agent for him while performing the functions of her authority as such, are not admissible in this suit against him, when these declarations go to the existence and correct amount of the account contracted by her, but such concession does not have the effect of reversing the judgment. This is so for the reason that, when a suit is tried without a jury, any error of the court in not excluding illegal evidence will not cause a reversal, if all the balance of the evidence is without dispute and is sufficient to justify the judgment. Springer v. Sullivan, 218 Ala. 645, 119 So. 851; Ætna Ins. Co. v. Kacharos, 226 Ala. 504, 147 So. 438; Pope v. Howle, 227 Ala. 154, 149 So. 222.

■■ Evidence of the declaration of Mrs. Robinson, after defendant purchased the business from her, admitting the correct amount of the charges and state of the account, could only have force as evidence that the amount of the account was correct. The state of the account and the correct amount of it was amply proven by other evidence as to which there was no conflict nor conflicting inferences. This is not dependent upon the verified account filed with the complaint as to which objection was made. But there was much other evidence to support the finding as to the correct amount of the account. So that any error in admitting the declarations of Mrs. Robinson, or of overruling objection to the verified account (if the bill of exceptions contained such ruling and exception), was not sufficient to cause a reversal when considered in the light of the rule which applies to such circumstances.

On this trial, as on the former, the plaintiff introduced the letter of defendant to R. G. Dun & Co., and which is quoted in the former opinion. This court then held that such statement was an evidential fact which "afforded an inference from which the court could find, the trial being without a jury, that he had assumed, in taking over the business, the payment of the outstanding bills, including his own, as the consideration of purchase." Defendant on this trial made no denial of such a contract, and offered no evidence, so that there was no conflict and nothing to discredit the probative effect of the statement as an admission that he had thus undertaken.

We think now as on former appeal that the statement justified the trial court in finding that defendant assumed the debts owing by his wife when he purchased the business. That included plaintiff's account, the foundation of this suit.

The foregoing discussion expresses our views upon all the questions which are insisted upon by appellant. We cannot agree that any of those contentions are sufficient to show reversible error.

The judgment of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.