177 So. 886

## MERRILL v. RITCH.

### 4 Div. 975.

Supreme Court of Alabama.

Dec. 2, 1937.

Rehearing Denied Jan. 13, 1938.

Farmer, Merrill & Farmer and W. L. Lee, all of Dothan, for appellant.

156

T. E. Buntin, of Dothan, for appellee.

GARDNER, Justice.

Complainant to this bill is landlord of defendant in a storehouse in Dothan undergoing certain repairs. Defendant tenant, insisting his stock of merchandise was damaged in this repair work by dust, dirt, and the like, instituted a suit at law against complainant, his landlord, to recover damages therefor. Thereupon, this bill was filed seeking to have the controversy determined in equity court resting for its equity upon the theory of an accounting and discovery.

■ Upon the theory of an accounting there must be averment of facts sufficient to show that complete relief cannot be had in a court of law, or else some fact which makes relief one of equitable jurisdiction. 1 Pom.Eq.Jur. § 178; Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; City of Eufaula v. Alabama Power Co., 233 Ala. 257, 171 So. 368; Hyatt v. International Agricultural Corporation, 230 Ala. 153, 160 So. 227; Gayle v. Pennington, 185 Ala. 53, 64 So. 572; City of Mobile v. McCown Oil Co., 226 Ala. 688, 689, 148 So. 402.

For complication of accounts complainant appears to rest upon the number of articles damaged, the cost and value, and matters of that character. All of these averments merely go to show details of proof in the suit at law, aggregating the damages claimed therein; all of which may be determined in the suit now pending. No such complication of accounts appears as to give any equity to the bill.

Complainant sets up a theory of estoppel or accord and satisfaction, all of which is available to him in the law court, as well as some claim of damage by delay wrongfully caused by defendant in the matter of repairs.

■ We think the authorities hereinabove cited suffice to show the equity of the bill cannot rest upon any theory of accounting.

And as to the matter of discovery, the averments have reference to the same question of articles of merchandise damaged, the value, and the like. All of these matters relate to the case of this defendant, who is plaintiff in the suit at law, and by what evidence he is to establish his damages.

■ In 1 Pomeroy Equity Jurisprudence, § 201, is the following, here pertinent: "The fundamental rule on this subject is, that the plaintiff's right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action; it does not enable him to pry into the defendant's case, or find out evidence by which that case will be supported." There are limitations to the rule noted by the author, but they are not here material, and need not be considered. This is the rule generally recognized. Carpenter v. Winn, 221 U.S. 533, 31 S.Ct. 683, 55 L.Ed. 842; 18 Corpus Juris 1059; 9 R.C.L. 174, 4 Per.Supp. p. 2423.

■ And as to this feature of the bill, it is not one for discovery alone, but for discovery and relief, and seeks to withdraw from a court of law matters of purely legal cognizance. It must be made to appear, therefore, that discovery is indispensable to the ends of justice; that the facts as to which discovery is sought cannot be otherwise proved than by defendant's answer. Continental Life Ins. Co. v. Webb, 54 Ala. 688. These matters are averred in a most general manner, and insufficient under our authorities. Wolfe v. Underwood, 96 Ala. 329, 11 So. 344; Gayle v. Pennington, 185 Ala. 53, 69, 64 So. 572; Cullman Property Co. v. Hitt Lumber Co., 201 Ala. 150, 77 So. 574; Shackelford v. Bankhead, 72 Ala. 476; Continental Life Ins. Co. v. Webb, supra; Virginia & Ala. Mining & Manufacturing Co. v. Hale & Co., 93 Ala. 542, 9 So. 256. See, also, 1 Pomeroy Equity Jur. § 229.

The bill discloses the matter of controversy between the parties is one of legal cognizance only, and our conclusion is that its equity cannot be rested either upon the theory of accounting or discovery, and, being insufficient in these respects, the chancellor correctly sustained the demurrer interposed thereto.

The decree is accordingly here affirmed. Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.