138 So.2d 707

**R. P. VAN VALKENBURGH et al.**

v.

**George L. HOLDEN, Jr.**

**8 Div. 85.**

Supreme Court of Alabama.

Jan. 18, 1962.

Rehearing Denied March 22, 1962.

Watts, Salmon & Roberts, Huntsville, for appellants.

Thomas & Manning, Huntsville, for appellee.

MERRILL, Justice.

This appeal is from a decree overruling demurrers of the respondents to the bill of complaint, which is a bill for discovery in aid of an action at law. The appeal was taken prior to September 15, 1961, the approval date of the act abolishing such appeals. Tit. 7, § 755, as amended by Act No. 72, Special Session 1961.

Complainant alleged in his bill that he entered into a verbal contract of employment with respondents, R. P. Van Valkenburgh, W. R. Van Valkenburgh, and J. B. Van Valkenburgh, in June of 1956. He alleged that under the terms of such contract, said respondents agreed to pay complainant $6,000 per year, and in addition thereto, an

amount equal to ten percent of the net profits of the business of said respondents.

By this bill for discovery, complainant sought to ascertain the net profits of respondents during the period of his alleged employment under the alleged verbal contract of employment.

At the time of filing his bill of complaint, complainant attached thereto as Exhibit "A" a copy of a complaint filed by complainant in the Circuit Court of Madison County, at law. In his action at law, complainant claimed the sum of $40,000 due from respondents, R. P. Van Valkenburgh, W. R. Van Valkenburgh and J. B. Van Valkenburgh, individually, and as partners doing business under the name of Huntsville Building Material Company, by account, or in the alternative, for work and labor done from June 1, 1956, until September 1, 1959. Respondents, Huntsville Building Material Company, Inc., a corporation, and R. P. Van Valkenburgh as President of Huntsville Building Material Company, Inc., a corporation, are not parties to the action at law.

Respondents filed demurrers to the bill which were overruled on August 18, 1961.

The single assignment of error charges that the court erred in overruling the demurrers of respondents to the bill.

The single proposition argued in brief is that a "bill for discovery in aid of an action at law cannot be maintained when the evidence sought is neither relevant nor material to the issues involved in the action at law in aid of which the purported bill for discovery is brought;" and that this bill totally fails to state a cause for equitable relief because the evidence sought is neither relevant nor material.

Appellee concedes that the evidence must be pertinent and material and our recent case of Wooten v. Wooten, 270 Ala. 191, 117 So.2d 192, so holds.

The theory of appellee's action at law is stated in his bill. The action is not for damages for wrongful discharge from his employment, but for compensation accrued and due him under the contract while he was employed by respondents. The action is based upon a contract which has been fully performed with the exception of payment for appellee's services. In a similar situation, a suit on the common counts, where there was an oral contract that the plaintiff should share in the net profits, this court, in Navco Hardwood Co. v. Becks, 222 Ala. 631, 134 So. 4, said:

"Inasmuch as the contract was terminated and nothing remained but to ascertain what, if anything, was due to be paid for the service rendered, this phase of the case was triable on the common counts. * * *"

■ The rule that when money is due under a contract and nothing remains to be done by the parties to it but the payment of a sum of money, the party to whom the money is due may maintain an action upon the common counts against the debtor for the money so due is also supported by Standard Lumber Co. v. Hosmer, 225 Ala. 321, 142 So. 825, and Tillery v. Price, 223 Ala. 532, 137 So. 440.

■ The next question is whether discovery will lie in aid of this suit. We quote from Virginia & Alabama Mining & Manufacturing Co. v. Hale & Co., 93 Ala. 542, 9 So. 256, where the plaintiff sought discovery in aid of his suit on a contract whereby they were to have the exclusive sale of all coal mined by defendants in several of their mines and discovery was sought as to the quantity of coal mined, the ruling market prices and the profits complainants would have realized had the contract been performed by the defendant. This court said:

"* * * Discovery itself is an acknowledged independent source of equitable jurisdiction, but the jurisdiction is auxiliary, and a suit for that purpose must be limited to the legitimate functions of furnishing evidence in aid of a

pending or anticipated action. The pendency of such action, or its anticipation, and that the discovery will be material to support the plaintiff's cause of action or the defendant's defense, as the case may be, must be averred. * * * Discovery is sought not only from the officers and agents, but also from the books, of the corporation. It is impracticable for the officers or agents to state with necessary accuracy, without reference to the books, the amount of coal mined at several different mines, and the ruling prices, through a year. By our practice and rulings, an officer or agent cannot be compelled to produce the books of a corporation in a court of law, but their production may be compelled by a court of equity. The bill alleges that the facts rest peculiarly within the knowledge of defendant, and that a discovery is absolutely necessary to ascertain them. The allegations satisfactorily show that the facts cannot be otherwise proved than by discovery. The bill sufficiently avers the inadequacy of the remedy at law, occasioned by the necessity of discovery, as preliminary relief. Handley v. Heflin, supra. (84 Ala. 600, 4 So. 725)."

Appellee alleges in his bill that he has no record of the net profits; he has no information by which he can prove same; the records are in the sole custody and control of respondents; his request for a competent and unbiased audit of the books to ascertain the profits was refused; that the information as to the net profits is wholly within the knowledge of respondents and he has no means of obtaining the information other than by way of discovery.

■ A bill for discovery in aid of a purely legal demand is required to show that the complainant does not know some of the facts essential to support an action at law and such facts are peculiarly known to respondent and cannot be otherwise proven. Martin Stamping & Stove Co. v.

Manley, 260 Ala. 112, 69 So.2d 671; Young v. Dean, 253 Ala. 211, 44 So.2d 12; Callahan v. Auburn Production Credit Ass'n, 240 Ala. 104, 197 So. 347, 129 A.L.R. 893; Merrill v. Ritch, 235 Ala. 155, 177 So. 886.

The bill in the instant case met this requirement and the demurrers were properly overruled.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.